UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/2020

-------------------------------------------------------------- X
:
MARY JENNIFER PERKS, MARIA NAVARRO- :
REYES, individuals, on behalf of themselves, and all :
others similarly situated, : 18-CV-11176 (VEC)
:
                                Plaintiffs, : MEMORANDUM
: OPINION AND ORDER
         -against- :
:
:
TD BANK, N.A., :
                               Defendant. :
:
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      This is a putative class action against TD Bank related to overdraft fees on Automated Clearing House ("ACH") transactions. Plaintiffs are checking-account customers who allege that TD Bank improperly charged them non-sufficient fund ("NSF") fees. Am. Compl. (Dkt. 28) ¶¶ 1, 13–14. According to Plaintiffs, TD Bank may not charge a second or third NSF fee when previously-rejected transfer requests are resubmitted to TD Bank. *Id.* ¶¶ 5–6. Plaintiffs allege breach of contract, breach of the implied covenant of good faith and fair dealing, consumer fraud under New York General Business Law ("GBL") § 349, and unjust enrichment. *Id.* ¶¶ 9–12. TD Bank has moved to dismiss all four claims, arguing, primarily, that the applicable contract expressly authorizes the conduct alleged. Mot. (Dkt. 31); *see* TD Bank's Mem. of Law (Dkt. 32) at 1–2. For the following reasons, TD Bank's motion is GRANTED in part and DENIED part.[1]

---

[1]     This case was originally assigned to Hon. Deborah Batts. Upon Judge Batts's death, the case was reassigned to the undersigned.

# BACKGROUND[2]

The Deposit Account Agreement and incorporated Personal Fee Schedule (together, the "Agreement") govern Plaintiffs' relationship with TD Bank. Am. Compl. Sect. B ¶¶ 24, 34; *see* Compl. (Dkt. 4) Exs. A, B.[3] When an accountholder attempts a transaction but lacks sufficient funds to cover it, TD Bank may accept or reject the transaction and charge an overdraft or return fee. Am. Compl. ¶¶ 5, 19. The Personal Fee Schedule provides that TD Bank may charge $35 "per item" when a customer's account contains insufficient funds to pay a transaction:

> Overdraft – return (NSF)/overdraft – paid (per item) . . . . . . . . . . . $ 35.00

Ex. B at 1; Am. Compl. Sect. B ¶ 32. The Deposit Account Agreement, in turn, defines "item":

> *An "item" includes a* check, substitute check, purported substitute check, remotely created check or draft, electronic transaction, draft, demand draft, image replacement document, indemnified copy, ATM withdrawal or transfer, debit card point-of-sale transaction, pre-authorized debit card payment, automatic transfer, telephone-initiated transfer, *ACH transaction*, online banking transfer to or from Accounts at TD Bank or external transfers to other institutions, online bill payment instruction, payment to or from other people (Send Money with Zelle transaction), withdrawal or deposit slip, in-person transfer or withdrawal, cash ticket, deposit adjustment, wire transfer, *and any other instruction or order for the payment, transfer, deposit or withdrawal of funds*.

Ex. A at 7; Am. Compl. Sect. B ¶ 27 (emphasis added).

Plaintiff Perks alleges that he attempted to make three one-time PayPal transfers via ACH transactions. Am. Compl. Sect. A ¶¶ 17, 22. TD Bank rejected all three transfers and charged

---

[2] On this motion to dismiss, the Court accepts all factual allegations in the pleadings as true and draws all reasonable inferences in the light most favorable to Plaintiffs. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court may also "consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the [Securities and Exchange Commission], and documents possessed by or known to the plaintiff upon which it relied in bringing the suit." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

[3] The Deposit Agreement was attached to the original Complaint as Exhibit A, and the Personal Fee Schedule was attached as Exhibit B. Although the Amended Complaint does not reattach those documents, it references them as Exhibits A and B, respectively. *See* Am. Compl. ¶¶ 3, 32. The Amended Complaint also does not have consecutive paragraph numbering, thus the Court delineates sections of the Amended Complaint in citations to avoid confusion. Plaintiffs' counsel is admonished to be more attentive to such details in the future.

him a $35 NSF fee for each one because Perks's account lacked sufficient funds. *Id.* ¶¶ 18, 23.
A week later, PayPal resubmitted those transactions for payment, and TD Bank rejected them
again, incurring another round of NSF fees. *Id.* ¶¶ 19, 24.

Plaintiff Navarro-Reyes alleges a similar experience: he submitted three ACH
transactions, TD Bank rejected them, and the intermediary resubmitted them a week later. *Id.* ¶¶
29–31, 34–36. There were still insufficient funds in the account to cover the transactions; TD
Bank again rejected the transactions and charged additional fees for each. *Id.* ¶¶ 31, 36.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient
facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d
271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "[A]
complaint does not need to contain detailed or elaborate factual allegations, but only allegations
sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin
Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). The Court accepts all factual
allegations in the complaint as true and draws all reasonable inferences in the light most
favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court
is not required, however, "to accept as true a legal conclusion couched as a factual allegation."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

### II. Plaintiffs Have Stated a Claim for Breach of Contract

At issue is TD Bank's right to impose an NSF fee when a rejected ACH transaction is
resubmitted to TD Bank for processing. This issue turns on the definition of "item" in the
Agreement. Plaintiffs assert that the original submission and all resubmissions of an ACH
transaction constitute a single "item," and, as such, may incur only a single NSF fee. *See* Am.
Compl. Sect. B ¶¶ 29–31; Pls.' Resp. Opp. (Dkt. 41) at 5. TD Bank argues that the Agreement

3

expressly authorizes it to assess NSF fees on each submission and resubmission of a transaction. *See* TD Bank's Mem. of Law at 6. Because the Court finds both interpretations reasonable, TD Bank's motion must be denied.

On a motion to dismiss, the Court may dismiss a breach of contract claim for failure to state a claim if the "plain language" of the contract contradicts or fails to support the plaintiff's allegations of breach. *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156–58 (2d Cir. 2016). Any contractual ambiguities must be resolved in the plaintiff's favor. *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). Contractual terms are unambiguous if they have "a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion." *Met. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990). Contractual "[l]anguage whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations." *Id.* The fact that one party may "strain[ ] the contract language beyond its reasonable and ordinary meaning" does not render the contract ambiguous. *Aetna Cas. & Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 598 (2d Cir. 2005).

The Court finds that the Agreement's definition of "item" is ambiguous. It states in relevant part: "An 'item' includes a[n] . . . ACH transaction . . . and any *other* instruction or order for the payment, transfer, deposit or withdrawal of funds." Ex. A at 7 (emphasis added).[4] In other words, that definition includes both "[an] ACH transaction" and a catch-all phrase that covers "other" orders. Although it is plausible to read "[an] ACH transaction" as referring to the original submission and "any other instruction or order" as referring to any resubmission of an

---

[4] Defendant's brief states: "The Deposit Agreement provides that TD Bank may charge an NSF fee for each 'item,' which includes *any* 'instruction or order for the payment, transfer, deposit or withdrawal of funds.'" TD Bank's Mem. of Law at 1 (emphasis in original); *see also* TD Bank's Reply (Dkt. 42) at 1. The omission of the adjective "other," which modifies "instruction or order," is highly misleading.

4

ACH transaction, it is just as plausible to read "*other*" orders as meaning orders that are not one of the previously enumerated types of transaction and thus that "[an] ACH transaction" necessarily refers to both the original submission and any subsequent resubmission of the transaction. Under the latter interpretation, the original transaction and all subsequent resubmissions of the same transaction would be one item, authorizing TD Bank to charge a single NSF fee. TD Bank's suggestion that "any other instruction or order" refers to both the original submission and any resubmission risks reading "ACH transaction" out of the contract.[5] *See Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 147 (2d Cir. 2017) ("[T]he contract should be construed so as to give full meaning and effect to all of its provisions." (quotation omitted)).

In short, the definition of "item" is ambiguous with regard to whether a resubmission of an ACH transaction is a separate item or is part of the same initial ACH transaction, and that ambiguity must be read in favor of Plaintiffs at this stage. Because Plaintiffs' proposed construction is a reasonable construction of the Agreement, Plaintiffs have sufficiently alleged a breach resulting from multiple overdraft charges imposed as a result of resubmissions of a single ACH transaction.

The cases that TD Bank relies upon are clearly inapposite. The courts in *Belfon*, *Gao*, and *HSBC Bank* dismissed breach of contract claims because, unlike here, the plaintiff had not identified any contractual provision that was allegedly breached. *See Belfon v. Credit Check Total Consumerinfo.com, Inc.*, No. 18-CV-408, 2018 WL 4778906, at *6 (E.D.N.Y. Oct. 1, 2018); *Gao v. JPMorgan Chase & Co.*, No. 14-CV-4281, 2015 WL 3606308, at *2 (S.D.N.Y.

---

[5] From TD Bank's motion papers, it is not entirely clear whether TD Bank argues that the original request falls under "ACH transaction" and subsequent resubmissions fall under the catch-all phrase, or that both the original rejected request and all subsequent resubmissions fall under the catch-all phrase. Under either proposed construction, TD Bank's argument does not prevail.

June 9, 2015); *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 40–41, 51 (E.D.N.Y. 2014). In *Lambert v. Navy Federal Credit Union,* No. 19-CV-103, 2019 WL 3843064 (E.D. Va. Aug. 14, 2019),[6] the contract authorizing NSF fees stated that "[a] fee may be assessed . . . for each returned debit item." *Id.* at *3 (ellipses in original). It then defined "items" to include "all . . . Automated Clearing House (ACH) debits," and the parties agreed that "an 'item' is a request or invitation for payment." *Id.* Thus it was clear that the contract at issue in that case authorized NSF fees on each returned ACH debit request, regardless of its status as a submission or resubmission. *Id.* at *3–4. By contrast, the Agreement does not define "item" as broadly as a request for payment. Nor does it authorize fees on all ACH debits; but rather on "[an] ACH transaction," which could encompass all resubmissions associated with a single transaction.

### III. Plaintiffs' Remaining Claims Are Dismissed

#### a. Breach of Implied Covenant of Good Faith

Under New York law, all contracts contain an implied covenant of good faith and fair dealing. *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Id.* (quotation omitted). A claim for breach of the implied covenant "will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Merryman v. J.P. Morgan Chase Bank, N.A.*, No. 15-CV-9188, 2016 WL 5477776, at *11 (S.D.N.Y. Sept. 29, 2016) (quoting *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 419 (S.D.N.Y. 2012)); *see also Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013).

---

[6] TD Bank brought the Court's attention to this case by filing a Notice of Supplemental Authority. Dkt. 43.

Plaintiffs' breach of contract and breach of implied covenant claims are duplicative because they both arise from the same allegations that TD Bank imposed NSF fees on resubmitted ACH transactions. Plaintiffs' argument that TD Bank breached the implied covenant by using its discretion to interpret the ambiguous contract terms in bad faith is simply a repackaging of their breach-of-contract theory. *See* Pls.' Resp. Opp. at 14. The implied covenant of good faith is directed to the parties' promised performances, not their interpretations of the contract. *See CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 200 (S.D.N.Y. 2018) ("To show a breach of an implied covenant of good faith and fair dealing, [a plaintiff] must provide facts which tend to show that [the defendant] sought to prevent performance of the contract or to withhold its benefits from [the plaintiff]." (quotation omitted)). When one party to a contract advances an interpretation that the other party disagrees with, breach of the express provision of the contract is the appropriate cause of action.

  **b.**   **GBL § 349**

For substantially the same reasons, the Court dismisses Plaintiffs' GBL § 349 claim because it is duplicative of their breach-of-contract claim. "To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Plaintiffs have not alleged an act or practice that was misleading in a material respect separate and apart from the Amended Complaint's allegations that TD Bank breached the Agreement. That alone is sufficient grounds for dismissal.[7] *See Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 575 (E.D.N.Y. 2015) (dismissing § 349 claim because "the conduct of which [the plaintiff] complains is essentially

---

[7] Because the Court dismisses the GBL claim as duplicative of the breach-of-contract claims, the Court need not decide whether the National Bank Act preempts Plaintiffs' GBL claim. *See* TD Bank's Mem. of Law at 11.

that the [d]efendant failed to satisfy its contractual duties, not that it concealed or misrepresented any contractual terms." (citation omitted)). Although the Amended Complaint tersely alludes to deceptive "advertising," Am. Compl. ¶ 70, that allegation is conclusory and appears to be no more than publicizing the terms of the allegedly breached contract without any sort of gloss, let alone with misleading representations of the terms of that contract.

### c. Unjust Enrichment

It is well settled that a claim for unjust enrichment will not lie if the parties have a contract. Although an exception to that rule exists when there is a question whether the contract is valid, that exception does not apply here. *See In re Navidea Biopharmaceuticals Litig.*, No. 19-CV-1578, 2019 WL 7187111, at *9 (S.D.N.Y. Dec. 26, 2019) ("Where a plaintiff fails to allege that the contract at issue is invalid or unenforceable . . . a claim for [unjust enrichment] is precluded." (citing *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 196 (S.D.N.Y. 2009)).

## CONCLUSION

For the reasons stated above, TD Bank's motion to dismiss is GRANTED in part and DENIED in part. The parties are ordered to meet and confer and submit a joint letter and proposed Case Management Plan and Scheduling Order no later than **April 16, 2020**, in accordance with the undersigned's Individual Rules. Alternatively, if the parties would like to explore an early resolution of this case, by **April 16, 2020**, they may submit a joint request for a referral to Magistrate Judge Stewart Aaron for a settlement conference.

The Clerk of Court is respectfully instructed to close docket entries 31 and 52.

**SO ORDERED.**

**Date: March 17, 2020**  
**New York, NY**

_____  
**VALERIE CAPRONI**  
**United States District Judge**