USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Case No. 1:18-CV-11176-VEC<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, there is a presumption of public access in this Court and, pursuant to the Court's Individual Practices in Civil Cases, unless the Court determines that there is a reason justifying something to be filed in redacted form or under seal, any filings are public and publicly available;

WHEREAS, the parties to the above-captioned matter believe that one or more of them may be required to disclose in discovery trade secrets, proprietary business information, and/or confidential personal information relating to the subject matter of this case;

WHEREAS, the parties having agreed to the following terms, and the Court having found that good cause exists for the issuance of an appropriately tailored Protective Order pursuant to Federal Rule of Civil Procedure 26(c);

IT IS HEREBY ORDERED as follows:

1.  "Confidential Information" means any information that the producing party reasonably and in good faith believes should be subject to a protective order under Federal Rule of Civil Procedure 26(c) or other state or federal law. Confidential Information shall include information that is proprietary, a trade secret, commercial information, or otherwise sensitive personal information, including Social Security numbers, and personal financial information such as tax information, bank account numbers, or credit card numbers. All documents produced in the

1

course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Order concerning Confidential Information. The scope of this Order does not include the treatment of personal identifying information or individual financial data of consumers other than the named plaintiffs to which privacy protections are mandated by the Gramm-Leach-Bliley Act or other similar laws, which information and data will be the subject of further discussion and order(s), if necessary, to the extent that the production of such data is sought.

2. Counsel for any party may designate any document or information, in whole or in part, as Confidential if counsel determines, in good faith, that the document or information contains Confidential Information. A party may designate as Confidential matter produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such matter. Documents and information designated by a party as Confidential will be stamped "Confidential."

3. In order to facilitate timely and cost-effective disclosure of a large number of documents that may contain Confidential Information, but that have not yet been individually reviewed, the producing party may elect to designate an entire production of documents, or any specified subsection thereof, as "Confidential", with the understanding that if, upon review, the party seeking discovery believes such designation is unwarranted for a particular document, that party may bring the document to the producing party's attention for an independent review of whether to maintain the "Confidential" designation or remove it, pursuant to the procedure set forth in ¶ 10. If a party elects to so produce documents, it will inform the party seeking discovery of this election, and any documents so produced shall be treated as Confidential unless and until such time it is designated otherwise by waiver, agreement or order of the Court.

4. Deposition testimony and the transcripts and video recordings of depositions conducted in this action shall be treated as Confidential for a period of fifteen (15) business days, or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings. Within fifteen (15) business days after receipt of the transcript, a designating party may serve a notice of designation to all parties of record as to specific portions of the transcript and/or video recordings to be designated "Confidential". Any party to the action may also designate matter disclosed during a deposition as Confidential by so indicating on the record during the deposition. Deposition testimony so designated shall remain Confidential pending challenge under the terms of this Order.

5. Documents designated as "Confidential" shall not be disclosed to any person except:

    A. The requesting party and counsel, including in-house counsel;

    B. Employees of such counsel assigned to and necessary to assist in the litigation;

    C. Present and former employees, officers and directors of the party producing the documents designated "Confidential";

    D. Consultants or experts assisting in the prosecution or defense of the matter, and any support staff or other employees for such experts or consultants who are assisting in the consultant or expert's work for this action, to the extent deemed necessary by counsel;

    E. Deponents testifying in this case on issues related to Confidential Information, but only during the course of the deposition;

F. Court reporters, videographers, or stenographers engaged to record deposition testimony, to the extent deemed necessary by counsel; and

G. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying Confidential Information to any consultant or expert, counsel must:

A. Inform the person of the confidential nature of the information or documents;

B. Inform the person that this Court has enjoined the disclosure of the documents or information to any other person; and

C. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

8. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

9. The party designating information as Confidential bears the burden of establishing confidentiality. Nothing in this Order will be construed as any waiver of any party's right to object to the designation of a particular document as Confidential. If a party contends that any document or information has been erroneously or improperly designated as Confidential, or a party wishes

to show the document or information to individual(s) who are not listed above in § 3.B., the document at issue shall be treated as Confidential until the parties reach an agreement or this Court issues an order determining the confidentiality of the document or information.

10. If a party wishes to challenge the designation of a document or information as Confidential, it must:

   A. Notify the designating party in writing and reasonably identify the particular documents or information;

   B. The parties will meet and confer in an effort to reach agreement regarding the documents or information at issue;

   C. If, after ten days of the challenging party's notification the parties cannot reach an agreement on whether some or all of the documents or information should remain designated as Confidential, then the challenging party may move the Court for an order stating that the document or information designated as Confidential is not Confidential Information and/or is not entitled to the protections of this Order. On such a motion, the designating party shall have the burden of proving that the material is entitled to remain Confidential.

11. The parties shall meet and confer if any production requires a designation of "For Attorneys' Eyes Only."

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case. The producing party shall notify the other parties following discovery of inadvertently disclosed documents or information, and the other parties must return or destroy, within ten days, all copies of such documents or information

and may not use or disclose the information contained therein. If the receiving party disclosed the information before being notified of the inadvertent production, it must take reasonable steps to retrieve it. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or the ethical rules. In the event that there is a challenge to the claim of privilege or protection, the receiving party shall discuss the challenge with the party asserting the privilege or protection. If the dispute is not resolved, the receiving party may move the Court for an order compelling production of the inadvertently disclosed information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertently disclosed information.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential if otherwise required by law or pursuant to a valid subpoena.

14. Except as provided in this Order, all information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

15. The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the above-entitled Action. Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as Confidential under this Order, including copies, shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "Confidential" so long as that work product does not duplicate verbatim substantial portions of the text of Confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the Confidential documents.

Dated: June 4, 2020

| | |
|---|---|
| /s/ James J. Bilsborrow | /s/ Allen W. Burton |
| James J. Bilsborrow | Allen W. Burton |
| WEITZ & LUXENBERG, P.C. | O'MELVENY & MYERS LLP |
| 700 Broadway | 7 Times Square |
| New York, New York 10003 | New York, NY 10036 |
| Telephone: (212) 558-5500 | (212) 326-2000 |
| jbilsborrow@weitzlux.com | aburton@omm.com |
| | |
| Jeff Ostrow* | Danielle N. Oakley* |
| Jonathan M. Streisfeld* | O'MELVENY & MYERS LLP |
| KOPELOWITZ OSTROW | 610 Newport Center Drive, 17th Floor |
| FERGUSON WEISELBERG GILBERT | Newport Beach, California 92660 |
| One W. Las Olas Blvd., Suite 500 | (949) 823-6900 |
| Fort Lauderdale, Florida 33301 | doakley@omm.com |
| Telephone: (954) 525-4100 | |
| ostrow@kolawyers.com | * admitted *pro hac vice* |
| streisfeld@kolawyers.com | |
| | *Attorneys for Defendant* |
| Jeffrey D. Kaliel* | |
| Sophia Gold* | |
| KALIEL PLLC | |
| 1875 Connecticut Ave., NW, 10th Floor | |
| Washington, D.C. 20009 | |
| Telephone: (202) 350-4783 | |
| jkaliel@kalielpllc.com | |
| sgold@kalielpllc.com | |

Lynn A. Toops*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

* admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Classes*

**SO ORDERED.**

Date: __June 5, 2020__            /s/ Valerie Caproni
**New York, New York**           **HON. VALERIE CAPRONI**
                                                           **United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Case No. 1:18-CV-11176-VEC |

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as Confidential. I have reviewed the Stipulated Protective Order ("Order"), understand its terms, and agree to be bound by its provisions. I have been informed that any documents or information labeled "Confidential" are confidential by Order of the Court and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

I hereby agree that I will not disclose any information contained in such documents to any other person unless I am authorized to do so by the Order. I further agree not to use any such information for any purpose other than this lawsuit.

Dated: _____

_____
Signature

_____
Printed Name