# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | CASE NO. 1:18-CV-11176-DAB |

**PRELIMINARY APPROVAL ORDER**

Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes and Defendant TD Bank, N.A., by their respective counsel, have submitted a Settlement Agreement and Releases (the "Settlement") to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiffs as the Class Representatives and their counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Plan; (4) appointing RG/2 Claims Administration LLC as Settlement Administrator and directing it to commence the Notice Plan; and (5) scheduling a final approval hearing to consider final approval of the settlement and any application for attorneys' fees, expenses, and Class Representative service awards. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2. Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3. On February 19, 2019, Plaintiffs filed their Amended Class Action Complaint alleging claims relating to Defendant's practice of charging non-sufficient funds fees on checks and Automated Clearing House ("ACH") transactions that were returned unpaid after having been re-submitted by a merchant after having been previously returned unpaid by Defendant for insufficient funds. Plaintiffs claimed this practice breached their contract with Defendant and violated various other laws.

4. On March 22, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Parties fully briefed. On March 17, 2020, the Court entered a Memorandum Opinion and Order in which the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court denied the Motion to Dismiss Plaintiffs' breach of contract claim and granted the Motion to Dismiss Plaintiffs' breach of implied covenant of good faith, New York General Business Law § 349, and unjust enrichment claims. On April 14, 2020, Defendant filed its Answer and Defenses to the Amended Class Action Complaint.

5. Following the Court's Memorandum and Order on the Motion to Dismiss, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, multiple rounds of data and document production, numerous conferences of counsel to resolve potential discovery disputes, various reports to the Court regarding the status of discovery, and multiple depositions. On October 2, 2020, the Parties requested that the Court stay the litigation pending a November 20, 2020, mediation before

Professor Eric Green of Resolutions, LLC. The Court vacated the remaining discovery deadlines that same day.

6. The Parties participated in a full-day mediation session on November 20, 2020 with Professor Green. The Parties did not settle at the mediation, but they agreed to reconvene the mediation after additional analysis of transactional data.

7. The Parties participated in a second mediation session on January 26, 2021. The Parties did not reach agreement that day, but shortly thereafter reached an agreement in principle. They then negotiated the detailed Settlement and exhibits that are now before the Court.

8. The Settlement provides, among other things, that as consideration for the release from Settlement Class Members, Defendant will pay $20,750,000 in cash into a Settlement Fund, pay Settlement Administrative Costs up to $500,000, and forgive $20,750,000 in amounts owed by the Settlement Class Members to the Defendant for accounts that were closed with a negative balance ("Forgiveness"). The Settlement Fund (after deducting Court-approved costs) will be distributed pro rata to Settlement Class Members in accordance with the procedures in the Settlement. Settlement Class Members who have a current account with Defendant will receive their payment by a credit to their account, while Settlement Class Members whose account is closed will be mailed a check. Forgiveness will be applied to accounts by Defendant. Settlement Class Members are not required to submit a claim in order to receive any of this relief.

9. The Settlement also provides for emailed and mailed Notice to the Settlement Class and the proposed Notices are included as exhibits to the Settlement.

## PRELIMINARY APPROVAL

10. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court; (2) an opportunity for class members to opt

3

out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant obtains a release from liability. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

11. In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

I. **The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."**

12. This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, No. 15 CIV. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

13. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14. Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement warrants preliminary approval and dissemination of notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt-out of the Settlement or participate in it. The Settlement appears at this preliminary approval stage to be procedurally fair, reasonable, and adequate in that the Class Representatives and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B).

Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). The proposed method of distributing relief to the Settlement Class Members is through direct deposits or direct mailed check and/or forgiveness of amounts owed to Defendant, meaning Settlement Class Members do not need to make a claim and will receive payments and/or Forgiveness. *Id.* Attorneys' fees will be paid only after final approval and only by approval of the Court, which will consider any request for fees in conjunction with final approval. *Id.* The Parties have represented that there are no agreements to be identified under Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one another because the amount of recovery is based on the amount of alleged NSF Retry Fees, and cash payment and Forgiveness will be distributed pro rata based on the number of NSF Retry Fees charged to a Settlement Class Member, meaning Settlement Class Members who allegedly incurred more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D).

**II.     The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.**

15.     In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection 23(b)(3) (predominance and superiority).

16.     The Court finds, for settlement purposes only, that it will likely be able to certify the proposed Settlement Class, defined as:

All current and former holders of TD Bank, N.A. consumer checking Accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

17. Specifically, the Court finds for settlement purposes that the Settlement Class likely satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1) Numerosity: There are tens of thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2) Commonality: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's uniform practice of processing NSF fees violated its standard form contract. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

(a)(3) Typicality: The Class Representatives' claims are typical of the claims of the Settlement Class. The Class Representatives' claim is that they were allegedly charged multiple NSF fees on a single item, which they allege violated Defendant's standard form contract. These are the same claims as the claims of the Settlement Class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

7

(a)(4) <u>Adequacy</u>:   The Class Representatives will fairly and adequately protect the interests of the Settlement Class because they share the same claims as the Settlement Class, have no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and "class counsel is qualified, experienced, and generally able to conduct the litigation").

(b)(3) <u>Predominance</u>: Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, specifically the predominate question of whether Defendant's uniform practice of processing NSF fees violated its standard form contract is common to all members of the Settlement Class and overwhelms any potentially individual issues that may arise. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is satisfied where "issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof").

(b)(3) <u>Superiority</u>:   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly because the individual claims are numerous and small-value and therefore the class action device provides a superior method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions").

18.     Additionally, the Court finds that the Settlement Class is ascertainable because it is defined by reference to objective criteria, *In re Petrobras Securities Litigation*, 862 F.3d 250, 257 (2d Cir. 2017), and the Court finds that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

19.     Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. The Court hereby **GRANTS** preliminary approval to the Settlement.

## NOTICE TO THE SETTLEMENT CLASS

20.     Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

21.     The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

22. "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Visa*, 396 F.3d at 114 (quotation omitted).

23. The Court finds that the Notice Plan, including the forms of Notice attached to the Settlement and the plan for distribution of the Notice by email and mail, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances." The Court appoints RG/2 Claims Administration LLC as Settlement Administrator and directs that the Notice Plan be implemented as set forth in the Settlement.

24. Within thirty (30) calendar days of Preliminary Approval, Defendant will provide the Settlement Administrator with the following information, which will be kept strictly confidential between the Administrator and Defendant, for each Class Member: (i) name; (ii) number of Retry NSF Fees per account; (iii) relevant refund and charge-off information; (iv) last known e-mail address; (v) last known mailing address; (vi) whether the Account remains open; and (vii) if the Account no longer remains open, the balance remaining due and owing. The Settlement Administrator shall use this information solely for the purpose of administering the Settlement and shall keep the information strictly confidential.

25. Within sixty (60) calendar days of Preliminary Approval, the Settlement Administrator shall send the Class Notices in the forms attached to the Settlement to the Class Members. The Settlement Administrator shall send the Email Notice to all Class Members for whom Defendant has provided the Settlement Administrator with an e-mail address. The Settlement Administrator shall send the Postcard Notice to all Class Members for whom

Defendant does not provided an email address to the Settlement Administrator and to all Class Members to whom the Settlement Administrator sent Email Notice but for whom the Settlement Administrator receives notice of an undeliverable email. The Postcard Notice shall be mailed after the Settlement Administrator updates mailing addresses provided by Defendant with the National Change of Address database and other commercially feasible means. The Settlement Administrator shall also maintain a website containing the Complaint, the "long-form notice" attached to the Settlement, Plaintiffs' motion seeking Preliminary Approval, this Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, and the Final Approval Order until at least ninety (90) calendar days after Final Approval. The Settlement Administrator shall send the "long-form notice" by mail to any Class Member who requests a copy.

**PROCEDURES FOR OPTING OUT OF OR OBJECTING TO THE SETTLEMENT**

26. A member of the Settlement Class may opt-out of the Settlement Class at any time prior to the Opt-Out Deadline, provided the opt-out notice that must be sent to the Settlement Administrator is postmarked no later than the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Settlement Class, then all Account Holders on that Account shall be deemed to have opted out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

27. Except for Class Members who opt out of the Settlement Class in compliance with the foregoing, all Class Members will be deemed to be Settlement Class Members for all purposes, the Final Approval Order, and the releases set forth in the Settlement.

28. Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel,

11

Defendant's counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. For an objection to be considered by the Court, the objection must also set forth: the name of the Action; the objector's full name, address and telephone number; all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's

counsel and any other person or entity; the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and the objector's signature (an attorney's signature is not sufficient). Class Counsel and/or Defendant may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

29. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

**MOTIONS FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD**

30. Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of Class Counsel's application for attorneys' fees and costs, for a Service Award for the Class Representatives, and for all Settlement Administration Costs, no later than 60 days after this Order is entered. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees and expenses, for the Service Award for the Class Representatives, and for all Settlement Administration Costs.

**FINAL APPROVAL HEARING**

31. The Court will hold a Final Approval Hearing on _____, 2021, at \_\_ a.m./p.m., in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by videoconference or teleconference if determined by separate order, to assist the Court in determining whether to grant Final Approval to the

Settlement, enter the Final Approval Order and Judgment, and grant any motions for fees, expenses, and service awards.

## SCHEDULE OF DEADLINES

32. The Court sets the following deadlines:

| Event | Date |
| --- | --- |
| Deadline for the Settlement Administrator to serve on the appropriate government officials the notice required by 28 U.S.C.§ 1715 | May 27, 2021 |
| Deadline for Defendant to pay $20,750,000 in cash into the Escrow Account | No later than 14 days from the date of this Order |
| Deadline for Defendant to provide the Settlement Administrator with the information required by paragraph 75 of the Settlement Agreement | No later than 30 days from the date of this Order |
| Deadline for Settlement Administrator to Mail and E-mail Notice to Class Members | No later than 60 days from the date of this Order |
| Deadline for any petition for an award of attorneys' fees, costs, and service awards | No later than 60 days from the date of this Order |
| Opt-Out Deadline | 120 days from the date of this Order |
| Objection Deadline | 120 days from the date of this Order |
| Deadline for Motion for Final Approval | 130 days from the date of this Order |
| Final Approval Hearing | _____ (approximately 180 days from the date of this Order) |

**SO ORDERED.**

Date:  HON. VALERIE CAPRONI
United States District Judge