# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated, | CASE NO. 1:18-CV-11176-DAB |
| Plaintiffs, | |
| v. | |
| TD BANK, N.A., | |
| Defendant. | |

## <u>SETTLEMENT AGREEMENT AND RELEASES</u>

This Settlement Agreement and Releases ("Settlement" or "Agreement"),[1] dated as of May __, 2021, is entered into by Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes, individually and on behalf of the Settlement Class, and Defendant TD Bank, N.A. The Parties hereby agree to the following terms in full settlement of the above action, subject to Final Approval, as defined below, by the United States District Court for the Southern District of New York.

## I.    <u>Procedural History and Recitals</u>

1.      On November 30, 2018, Plaintiff Mary Jennifer Perks filed a putative class action Complaint in the United States District Court for the Southern District of New York, entitled *Perks et al v. TD Bank, N.A.*, No. 1:18-cv-11176. On behalf of a putative nationwide class, the Complaint asserted claims for breach of contract and breach of the covenant of good faith and fair dealing as well as unjust enrichment. On behalf of a New York subclass, the Complaint also asserted claims under the New York General Business Law.

2.      On February 5, 2019, Defendant filed a Motion to Dismiss the Complaint pursuant

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II below or various other places in the Agreement.

DocuSign Envelope ID: CF889A5E-AAF8-499C-BFE9-BD885C92CF52

to Federal Rule of Civil Procedure 12(b)(6).

3.      On February 19, 2019, Plaintiff Mary Jennifer Perks filed her Amended Class Action Complaint, which added Maria Navarro-Reyes as a named Plaintiff and added a Florida Multiple NSF Subclass. The Amended Complaint also included many additional allegations addressing arguments made by Defendant in its motion to dismiss and to address industry usage of certain important contractual terms.

4.      On March 22, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.      Plaintiffs opposed the Motion on April 19, 2019.

6.      Defendant filed its reply on May 10, 2019.

7.      On March 17, 2020, the Court entered a Memorandum Opinion and Order in which the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court denied the Motion to Dismiss Plaintiffs' breach of contract claim and granted the Motion to Dismiss Plaintiffs' breach of implied covenant of good faith, New York General Business Law § 349, and unjust enrichment claims.

8.      On April 14, 2020, Defendant filed its Answer and Defenses to the Amended Class Action Complaint.

9.      Between April and October of 2020, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, multiple rounds of data and document production, numerous conferences of counsel to resolve potential discovery disputes, various reports to the Court regarding the status of discovery, and multiple depositions.

10.     Subsequent to the initiation of this Action, TD Bank revised its disclosures concerning the assessment of Retry NSF Fees.

DocuSign Envelope ID: CF089A5E-AAE8-499C-BFE9-BD885C92C562

11.     On October 2, 2020, the Parties requested that the Court stay the litigation pending a November 20, 2020, mediation before Professor Eric Green of Resolutions, LLC. The Court vacated the discovery deadlines that same day.

12.     The Parties participated in a full-day mediation session on November 20, 2020, with respected neutral Professor Eric Green, in anticipation of which both parties performed and exchanged extensive analysis. The Parties did not settle at the mediation, but the mediation was productive in that it highlighted the need for further data analysis and review.

13.     The Parties made progress toward a consensual resolution and identified additional class-related data analyses that would further facilitate the Parties' settlement discussions. The Parties agreed to perform the additional analyses, share the respective analyses with the opposing party, and then to reconvene before Professor Green on January 26, 2021.

14.     The Parties and their respective experts completed these complex analyses and information exchange before the second mediation session on January 26, 2021.

15.     The Parties notified the Court on February 1, 2021 that they had reached an agreement in principle to settle the case on a class action basis.

16.     The tentative agreement allowed Plaintiffs to perform confirmatory discovery regarding certain aspects of the data and analysis performed by TD Bank's expert. Accordingly, on February 19, 2021, the Plaintiffs and their expert extensively interviewed TD Bank's expert as part of the confirmatory discovery process.

17.     The Parties then worked for several weeks to draft a full settlement agreement and to seek bids from settlement administrators.

18.     The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims, Releasees, and Releasing Parties. Defendant has

entered into this Agreement to resolve any and all controversies and disputes (directly or indirectly) arising out of or relating to the allegations made in the Amended Class Action Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Amended Class Action Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Amended Class Action Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to liquidate and recover on the claims asserted in the Amended Class Action Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede the claims alleged in the Amended Class Action Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.   <u>Definitions</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

19.     "Account" means a consumer checking account maintained by Defendant that was assessed a Retry NSF Fee during the Class Period.

20.     "Account Holder" means any person who has or had any interest, whether legal or equitable, in an Account during the Class Period.

21.     "Action" means *Perks et al. v. TD Bank, N.A.*, No. 1:18-cv-11176 (S.D.N.Y.)

22.     "Complaint" means the Amended Class Action Complaint filed in this Action on February 19, 2019.

23.     "Class Counsel" means:

COHEN & MALAD, LLP
Lynn A. Toops, Esq.
Vess A. Miller, Esq.
1 Indiana Square
Suite 1400
Indianapolis, IN 46204

KALIEL PLLC
Jeffrey Kaliel, Esq.
Sophia Gold, Esq.
1875 Connecticut Ave. NW
10th Floor
Washington, DC 20009

KOPELOWITZ OSTROW P.A.
Jeff Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
1 West Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33301

WEITZ & LUXENBERG, P.C.
James J. Bilsborrow, Esq.
700 Broadway
New York, NY 10003

24.     "Class Period" means the following for each Account, based on the state where each Account was opened.

Alabama - November 30, 2012 to the date of Preliminary Approval
Alaska - November 30, 2015 to the date of Preliminary Approval
Arizona - November 30, 2014 to the date of Preliminary Approval

Arkansas - November 30, 2013 to the date of Preliminary Approval
California - November 30, 2014 to the date of Preliminary Approval
Colorado - November 30, 2015 to the date of Preliminary Approval
Connecticut - November 30, 2012 to the date of Preliminary Approval
Delaware - November 30, 2015 to the date of Preliminary Approval
District of Columbia - November 30, 2015 to the date of Preliminary Approval
Florida - November 30, 2013 to the date of Preliminary Approval
Georgia - November 30, 2012 to the date of Preliminary Approval
Hawaii - November 30, 2012 to the date of Preliminary Approval
Idaho - November 30, 2013 to the date of Preliminary Approval
Illinois - November 30, 2008 to the date of Preliminary Approval
Indiana - November 30, 2008 to the date of Preliminary Approval
Iowa - November 30, 2008 to the date of Preliminary Approval
Kansas - November 30, 2013 to the date of Preliminary Approval
Kentucky - November 30, 2008 to the date of Preliminary Approval
Louisiana - November 30, 2008 to the date of Preliminary Approval
Maine - November 30, 1998 to the date of Preliminary Approval
Maryland - November 30, 2015 to the date of Preliminary Approval
Massachusetts - November 30, 2012 to the date of Preliminary Approval
Michigan - November 30, 2012 to the date of Preliminary Approval
Minnesota - November 30, 2012 to the date of Preliminary Approval
Mississippi - November 30, 2015 to the date of Preliminary Approval
Missouri - November 30, 2008 to the date of Preliminary Approval
Montana - November 30, 2010 to the date of Preliminary Approval
Nebraska - November 30, 2013 to the date of Preliminary Approval
Nevada - November 30, 2012 to the date of Preliminary Approval
New Hampshire - November 30, 2015 to the date of Preliminary Approval
New Jersey - November 30, 2012 to the date of Preliminary Approval
New Mexico - November 30, 2012 to the date of Preliminary Approval
New York - November 30, 2012 to the date of Preliminary Approval
North Carolina - November 30, 2015 to the date of Preliminary Approval
North Dakota - November 30, 2012 to the date of Preliminary Approval
Ohio - November 30, 2010 to the date of Preliminary Approval
Oklahoma - November 30, 2013 to the date of Preliminary Approval
Oregon - November 30, 2012 to the date of Preliminary Approval
Pennsylvania - November 30, 2014 to the date of Preliminary Approval
Rhode Island - November 30, 2008 to the date of Preliminary Approval
South Carolina - November 30, 2015 to the date of Preliminary Approval
South Dakota - November 30, 2012 to the date of Preliminary Approval
Tennessee - November 30, 2012 to the date of Preliminary Approval
Texas - November 30, 2014 to the date of Preliminary Approval
Utah - November 30, 2012 to the date of Preliminary Approval
Vermont - November 30, 2012 to the date of Preliminary Approval
Virginia - November 30, 2013 to the date of Preliminary Approval
Washington - November 30, 2012 to the date of Preliminary Approval
West Virginia - November 30, 2008 to the date of Preliminary Approval

Wisconsin - November 30, 2012 to the date of Preliminary Approval
Wyoming - November 30, 2008 to the date of Preliminary Approval

25.    "Class Representatives" mean Mary Jennifer Perks and Maria Navarro-Reyes.

26.    "Court" means the United States District Court for the Southern District of New York.

27.    "Current Account Holder" means a Settlement Class Member who continues to have his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

28.    "Defendant" means TD Bank, N.A.

29.    "Effective Date" shall mean when the last of the following has occurred:  (1) the day following the expiration of the deadline for appealing Final Approval if no timely appeal is filed, or (2) if an appeal of Final Approval is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for certiorari) have been finally resolved without material change to the Final Approval Order and the deadline for taking any further appeals has expired such that no future appeal is possible; or (3) such date as the Parties otherwise agree in writing.

30.    "Email Notice" means a short form of notice that shall be sent by email to Settlement Class members who agreed to receive account communications by email in the form attached as *Exhibit 1*.

31.    "Escrow Account" shall mean the account established and administered by the Escrow Agent into which the $20,750.000 payment by Defendant will be deposited.

32.    "Escrow Agent" shall mean RG2.  Settlement Class Counsel and Defendant may, by agreement, substitute a different organization as Escrow Agent, subject to approval by the Court.  The Escrow Agent shall administer the Escrow Account.

33.     "Final Approval" means the date that the Court enters the Final Approval Order.

34.     "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting Final Approval to the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel, any Settlement Administration Costs, and the amount of any Service Award to the Class Representatives.

35.     "Final Approval Order" means the document attached as ***Exhibit 4*** hereto.

36.     "Former Account Holder" means a Settlement Class Member who no longer holds his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

37.     "Long Form Notice" means the form of notice that shall be posted on the Settlement website created by the Settlement Administrator and shall be available to Settlement Class members by mail on request made to the Settlement Administrator in the form attached as ***Exhibit 2***.

38.      "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees and costs awarded to Class Counsel, any Settlement Administration costs paid out of the Settlement Fund, if any, and any Court approved Service Award to the Class Representatives.

39.     "Notice" means the Email Notice, Long Form Notice, and Postcard Notice that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

40.     "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Email Notice, Postcard Notice, and Long Form Notice, which shall be substantially in the forms as ***Exhibits 1 and 2*** attached to this Agreement.

41.     "NSF Forgiveness Amount" shall mean the $20,750,000 that Defendant agrees to provide, as consideration for this Settlement, in the form of reductions to the outstanding balances of Settlement Class Members whose Accounts were closed with amounts owed to Defendant.

42.     "Objection Deadline" means one-hundred twenty (120) calendar days after Preliminary Approval (or other date as ordered by the Court).

43.     "Opt-Out Deadline" means one-hundred twenty (120) calendar days after Preliminary Approval (or other date as ordered by the Court).

44.     "Party" means Plaintiffs or Defendant and "Parties" means Plaintiffs and Defendant collectively.

45.      "Plaintiffs" mean Mary Jennifer Perks and Maria Navarro-Reyes.

46.     "Postcard Notice" shall mean the short form of notice, in the form attached as *Exhibit 1*, which shall be sent by mail to Settlement Class members for whom the Settlement Administrator is unable to send Email Notice using the email address provided by Defendant,

47.     "Preliminary Approval" means the date that the Court enters the Preliminary Approval Order.

48.     "Preliminary Approval Order" means the document attached as *Exhibit 3* hereto.

49.     "Releasing Parties" means Plaintiffs and all Settlement Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

50.     "Retry NSF Fee" means an insufficient funds fee that was charged during the Class Period, for an Automated Clearing House (ACH) or check transaction that was (1) submitted by a merchant, (2) returned unpaid by Defendant due to insufficient funds and (3) re-submitted by a

merchant and returned unpaid, as identified by the Parties based on review and analysis of Defendant's reasonably accessible data and information.

51.     "Retry NSF Fee Refund" shall mean any Retry NSF Fee that was refunded to a Settlement Class Member during the Class Period, as identified by the Parties based on review and analysis of Defendant's reasonably accessible data and information.

52.     "Service Award" means any Court ordered payment to Plaintiffs for serving as the Class Representatives, which is in addition to any Settlement Consideration due to them pursuant to Section IV of this Agreement as a Settlement Class Member.

53.     "Settlement Administrator" means RG2. Settlement Class Counsel and Defendant may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

54.     "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

55.     "Settlement Class" means all current and former holders of TD Bank, N.A. consumer checking Accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

56.     "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement and who is entitled to the benefits of the Settlement.

57.     "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

58.     "Settlement Fund" means the $20,750,000 common fund of cash Defendant is obligated to pay under the terms of this Settlement.

59.     "Settlement Website" means the website that the Settlement Administrator will establish as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website for at least six months after Final Approval.

60.     "Uncollected Retry NSF Fees" means the amount, as of the Effective Date, that a Settlement Class Member owes to Defendant on an Account that has been closed up to the amount that is equal to or less than the total Retry NSF Fees assessed to the Account, as identified by the Parties based on review and analysis of Defendant's reasonably accessible data and information.

61.     "Value of Settlement" means the Settlement Fund, the NSF Forgiveness Amount, and up to $500,000 in Settlement Administrative Costs.

### III.   <u>Certification of the Settlement Class</u>

62.     Solely for purposes of this Settlement, the Parties agree to certification of the following Settlement Class under Fed. R. Civ. P. 23(b)(2) and (b)(3):

> ***All holders of TD Bank, N.A. consumer checking accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.***

63.     In the event that the Settlement does not receive Final Approval, or in the event the

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

Effective Date does not occur, the Parties shall not be bound by this definition of the Settlement Class, shall not be permitted to use it as evidence or otherwise in support of any argument or position in any motion, brief, hearing, appeal, or otherwise, and Defendant shall retain its right to object to the maintenance of this Action as a class action and the suitability of the Plaintiffs to serve as class representatives.

## IV.  Settlement Consideration

64.    Within 14 days of Preliminary Approval by the Court, Defendant shall pay $20,750,000 in cash  into the Escrow Account to create the Settlement Fund for the benefit of the Settlement Class. The Settlement Fund shall be used to pay Settlement Class Members their respective Settlement Class Member Payments; any and all attorneys' fees and costs awarded to Class Counsel; any Service Award to the Class Representative; and any Settlement Administration Costs in excess of $500,000.00. Defendant shall pay Settlement Administration Costs of up to $500,000.00 directly to the Settlement Administrator as invoiced by the Settlement Administrator. Defendant shall not be obligated to make any other payment under the Settlement.  For avoidance of doubt, Defendant shall not be required to pay any additional monetary sums in settlement of the Action, nor shall it be required to bear any other fees, costs, charges, or expenses in connection with the Settlement.  Defendant also shall not be required to take any action or refrain from taking any action as a result of this Settlement except to fulfill its obligations to implement the terms ofthis Agreement as specifically provided herein.

65.    All funds held by the Settlement Administrator shall be deemed and considered to be in custodian legis of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement. All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD985C02C562

1, 26 C.F.R. §1.468B-1.

66.    Defendant shall forgive, waive, and agree not to collect from Settlement Class Members the NSF Forgiveness Amount. Such forgiveness shall be applied on an account-by-account basis.

V.    **Settlement Approval**

67.    **Preliminary Approval.**

a. Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for a Preliminary Approval Order. The proposed Preliminary Approval Order shall be attached to the motion, or otherwise filed with the Court, and shall be in a form attached hereto as ***Exhibit 3***.  In the event the Court does not enter the Preliminary Approval Order without material change, Defendant has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Defendant waives in writing its right to terminate the Agreement due to anymaterial changes to the Preliminary Approval Order.

b. The Motion for Preliminary Approval shall, among other things, request that the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) find that it will be likely to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only, appoint the Class Representatives as representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein for Settlement Class members to exclude themselves from the Settlement Class or for Settlement Class Members to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class

Counsel, and counsel for Defendant, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees and costs and for a Service Award to the Class Representatives. The Motion for Preliminary Approval shall comply with the United States District Judge Valerie Caproni's Individual Rule 7.B.

c.   In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs shall request that the Court approve the Class Notices attached at *Exhibits 1 - 2*.  The Court will ultimately determine and approve the content and form of the Class Notices to be distributed to Class Members.

d.   The Parties further agree that in Plaintiffs' motion seeking Preliminary Approval, Plaintiffs will request that the Court enter the following schedule governing the Settlement: (i) deadline for sending the Class Notices: sixty (60) calendar days from Preliminary Approval; (ii) deadline for opting out or serving objections: one-hundred twenty (120) calendar days from Preliminary Approval; (iii) deadline for filing motions for Class Representative Service Award and Fee & Expense Award: one-hundred fifty (150) calendar days from Preliminary Approval; and (iv) Final Approval Hearing: one-hundred eighty (180) calendar days from Preliminary Approval.

68.   **Final Approval.**  Plaintiffs will submit for the Court's consideration, by the deadline set by the Court, the Final Approval Order attached as *Exhibit 4*.  The motion for Final Approval of this Settlement shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court dismiss this Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Agreement.  In the event that the Court does not enter the Final Approval

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385C02C562

Order in materially the same form as ***Exhibit 4***, Defendant has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Defendant waives in writing its right to terminate the Agreement due to any material changes or deviations from the form of the Final Approval Order.

69.     **Effect of Disapproval.** If the Settlement does not receive Final Approval or the Effective Date does not come to pass, Defendant shall have the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Defendant waives in writing its right to terminate the Agreement under this section.  In addition, the Parties agree that if this Agreement becomes null and void, Defendant shall not be prejudiced in any way from opposing class certification in the Action, and Plaintiffs and the Class Members shall not use anything in this Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by Defendant.  No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits.  Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding.

## VI.     Settlement Administrator

70.     The Settlement Administrator shall administer various aspects of the Settlement as described in paragraph 72 and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and distributing the Settlement Fund as provided herein.

71.     Defendant shall pay the Settlement Administrator directly for the Settlement Administration Costs up to a total of $500,000.00.  Settlement Administration Costs in excess of

$500,000.00 shall be paid from the Settlement Fund. In the event the Settlement is terminated subsequent to the incurrence of Settlement Administration Costs, TD Bank shall not be entitled to recoup those costs.

72.     The duties of the Settlement Administrator are as follows:

a.     Use the name and address information for Settlement Class members provided by Defendant in connection with the Notice Program approved by the Court, for the purpose of distributing the Postcard Notice and Email Notice, and later mailing Settlement Class Member Payments to Former Account Holder Settlement Class Members, and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for Defendant to make the Settlement Class Member Payments by a credit to the Current Settlement Class Members' Accounts;

b.     Establish and maintain a post office box for requests for exclusion from the Settlement Class;

c.     Establish and maintain the Settlement Website;

d.     Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries;

e.     Respond to any mailed Settlement Class Member inquiries;

f.     Process all requests for exclusion from the Settlement Class;

g.     Provide weekly reports to Class Counsel and Defendant that summarizes the number of requests for exclusion received that week, the total number of

exclusion requests received to date, and other pertinent information;

h.      In advance of the Final Approval Hearing, prepare a declaration or affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class Member who timely and properly requested exclusion from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

i.      Distribute Settlement Class Member Payments by check to Former Account Holder Settlement Class Members and Current Account Holder Settlement Class Members who are unable to receive credits;

j.      Provide to Defendant the amount of the Settlement Class Member Payments that each Current Account Holder Settlement Class Member should receive, transfer to Defendant the total amount of payments due to those Current Account Holders Settlement Class Members and instruct Defendant to initiate the direct deposit or credit of Settlement Class Member Payments to Current Account Holder Settlement Class Members.

k.      Pay invoices, expenses, and costs upon approval by Class Counsel and Defendant, as provided in this Agreement;

l.      Provide notice of this Settlement as required under the Class Action Fairness Act, 28 U.S.C. § 1715; and

m.      Any other Settlement Administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Funds have been distributed.

n.    Perform all tax-related services for the Escrow Account as provided in the Agreement.

73.    The Settlement Administrator shall execute a confidentiality or non-disclosure agreement in a form acceptable to Defendant that shall provide, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement.

74.    The Settlement Administrator shall ensure that the information that it receives from Defendant, Class Counsel, and/or Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with industry best practices and applicable law. Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendant, Class Counsel and/or Class Members without prior written consent of the Parties or by order of the Court. The Parties and Class Counsel agree that the Settlement Administrator shall maintain the Class Member List and Updated Class Member List and other information provided to it by or on behalf of Defendant, including mail and email addresses, in a confidential manner, and that it will not provide such Class Member List, Updated Class Member List, or other information to any other person, including Class Counsel, without Defendant's prior written consent.

## VII.    <u>Notice to Settlement Class Members</u>

75.    **Provision of Information to Settlement Administrator.**    Within thirty (30) calendar days of Preliminary Approval, Defendant will provide the Settlement Administrator with the following information, which will be kept strictly confidential between the Administrator and Defendant, for each Class Member: (i) name; (ii) number of Retry NSF Fees per account through the date of Preliminary Approval; (iii) relevant refund and charge-off information through the date

of Preliminary Approval; (iv) last known e-mail address; and (v) last known mailing address ("Class Member List"). Within thirty (30) calendar days of the Effective Date, Defendant will provide the Settlement Administrator with an "Updated Class Member List" consisting of the following information, which will be kept strictly confidential between the Administrator and Defendant, for each Class Member: (i) name; (ii) number of Retry NSF Fees per account; (iii) relevant refund and charge-off information; (iv) last known e-mail address; (v) last known mailing address; (vi) whether the Account remains open; and (vii) if the Account no longer remains open, the balance remaining due and owing. The Settlement Administrator shall use this information solely for the purpose of administering the Settlement.

76. **Class Notices.** Within sixty (60) calendar days of Preliminary Approval, or by the time specified by the Court, the Settlement Administrator shall send the Class Notices in the forms attached hereto as *Exhibits 1 - 2*, or in such form as is approved by the Court, to the Class Members. The Settlement Administrator shall send the "Email Notice," attached hereto as *Exhibit 1*, to all Class Members for whom the Defendant has provided the Settlement Administrator with an e-mail address. The Settlement Administrator shall send the "Postcard Notice," attached hereto as *Exhibit 1*, to all Class Members for whom Defendant does not provided an email address to the Claims Administrator and to all Class Members to whom the Settlement Administrator sent *Exhibit 1* via email but for whom the Settlement Administrator receives notice of an undeliverable email. Postcard notice shall be mailed after the Settlement Administrator updates mailing addresses provided by Defendant with the National Change of Address database and other commercially feasible means. The Settlement Administrator shall also maintain a website containing the Complaint, the "long-form notice," attached hereto as *Exhibit 2*, Plaintiffs' motion seeking Preliminary Approval, the Preliminary Approval Order, Plaintiffs' motion seeking Final

Approval, and the Final Approval Order until at least ninety (90) calendar days after Final Approval.  The Settlement Administrator shall send the long-form notice by mail to any Class Member who requests a copy. It will be conclusively presumed that the intended recipients received the Class Notices if the Administrator did not receive a bounce-back message and if mailed Class Notices have not been returned to the Administrator as undeliverable within fifteen (15) calendar days of mailing.

77.     Notices provided under or as part of the Notice Program shall not bear or include Defendant's logo or trademarks or the return address of Defendant, or otherwise be styled to appear to originate from Defendant.

78.     The Email Notice, Postcard Notice, and Long Form Notice shall be in forms approved by the Court, and substantially similar to the notice forms attached hereto as ***Exhibits 1 and 2***. The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval. A Spanish language translation of the Long Form Notice shall be available on the Settlement Website and be provided to Settlement Class members who request it from the Settlement Administrator.

## VIII.   Procedure for Opting Out and Objecting

79.     **Opt Outs.**  A Settlement Class Member may opt-out of the Settlement Class at any time prior to the Opt-Out Deadline, provided the opt-out notice that must be sent to the Settlement Administrator is postmarked no later than the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Settlement Class, then all Account Holders on that Account shall be deemed to have opted out of the Settlement with respect to that Account, and no Account Holder shall be

entitled to a payment under the Settlement.

80. **Objections.** Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel, Defendant's counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. For an objection to be considered by the Court, the objection must also set forth:

a. the name of the Action;

b. the objector's full name, address and telephone number;

c. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

f.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

81.     **Waiver of Objections.**  Except for Class Members who opt out of the Settlement Class in compliance with the foregoing, all Class Members will be deemed to be members of the Settlement Class for all purposes under this Agreement, the Final Approval Order, and the releases set forth in this Agreement and, unless they have timely asserted an objection to the Settlement,

shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

82. **No Encouragement of Objections.** Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to object to the Settlement or appeal from any order of the Court that is consistent with the terms of this Settlement.

## IX. Disbursement from the Settlement Fund.

83. Payments shall be made from the Settlement Fund as follows:

a. Class Counsels' Fees and Costs. Class Counsels' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund within 30 days after the Final Approval Order is entered. Class Counsel shall apply for an award of attorneys' fees of up to 25% of the Value of the Settlement, and reimbursement of reasonable litigation costs, to be approved by the Court. Plaintiffs' attorneys' fee application shall be separate from the motion for Final Approval, and the Proposed Order on the attorneys' fee application shall be separate from the Proposed Order on the motion for Final Approval. Defendant agrees not to oppose an application for attorneys' fees of up to 25% of the Value of the Settlement, but reserves the right to oppose an application for attorneys' fees in excess of that amount. In the event the Effective Date does not occur or any award of attorneys' fees or expenses is reduced following an appeal, Class Counsel shall repay to the Settlement Fund within 30 days the full amount of any such award or the amount of the reduction, for which all Class Counsel shall be jointly and severally liable.

b. Service Award. Subject to Court approval, the Class Representatives shall be entitled to receive a Service Award of up to $7,500.00 each for their role as the Class Representatives. The Service Award shall be paid from the Settlement Fund no later than 10 days

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385C02C562

after the Effective Date.

    c.   <u>Settlement Administrator's Fees and Costs</u>. The Settlement Administrator's fees and costs, to the extent they exceed $500,000.00, shall be paid from the Settlement Fund within 10 days after invoicing to and approval by Plaintiffs.  In the event the Final Approval Order is not entered or this Agreement is terminated pursuant to Section XIII below, Defendant agrees to cover any costs incurred and fees charged by the Settlement Administrator up to $500,000 pursuant to the Settlement prior to the denial of Final Approval or the termination of this Agreement.

    d.   <u>Calculation and Distribution of Settlement Class Member Payments</u>.  The Settlement Administrator, supervised by the Parties, shall calculate and implement the allocation of the Settlement Fund for the purpose of compensating Settlement Class Members using the methodology provided below.  Defendant shall have the right but not the obligation to review and challenge the accuracy of this calculation. The methodology provided for below will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations. The Parties agree the allocation formula below is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any Settlement Class Member Payment each Settlement Class Member should receive from the Net Settlement Fund. The fact that this allocation formula will be used is not intended (and shall not be used) for any other purpose or objective whatsoever.

    i.  Defendant, in consultation with Class Counsel and their experts, shall identify data—to the extent it exists in reasonably accessible electronic form—sufficient to calculate and implement the allocations of the Net Settlement

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385C02C562

Fund and NSF Forgiveness Amount as provided in Section IX and X. The calculation of the allocations shall be performed by Settlement Class Counsel and their experts and/or the Settlement Administrator, as described below, and the implementation of the allocations contemplated by Sections IX and X shall be jointly undertaken by the Settlement Administrator and Defendant. Subject to its statutory and regulatory obligations to protect its customers' private financial information, and pursuant to any confidentiality, data protection, or other agreements restricting the dissemination of data or information, Defendant shall make available data and information sufficient to allow Class Counsel and their experts and the Settlement Administrator to determine and confirm the calculations and allocations contemplated by this Agreement.

      ii.   Settlement Class Members shall be paid pro rata distributions of the Net Settlement Fund using the following formula: (Net Settlement Fund/Total dollar value of Retry NSF Fees) x (Total dollar amount of Retry NSF Fees charged to that Settlement Class Member, less the dollar amount of any Retry NSF Fee Refunds and reduced by any Uncollected Retry NSF Fees).

      iii.   Settlement Class Member Payments shall be made no later than 90 days after the Effective Date, as follows:

           1.   For those Settlement Class Members who are Current Account Holders at the time of distribution of the Settlement Fund, a credit for the Settlement Class Member Payment shall be applied to the account the Settlement Class Member is maintaining at the time of the credit. Within sixty (60)

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385C02C562

days of the Effective Date, the Settlement Administrator shall transfer to Defendant funds equal to the total amount of payments due to Settlement Class Members who are Current Account Holders.  If, at that time, Defendant is unable to complete certain credit(s), Defendant shall deliver the total amount of unsuccessful Settlement Class Member Payments back to the Settlement Administrator to be paid by check in accordance with subsection 2 below.

2. For those Settlement Class Members who are Former Account Holders at the time of the distribution of the Net Settlement Fund, they shall be sent a check by the Settlement Administrator at the address used to provide the Notice, or at such other address as designated by the Settlement Class Member. For jointly held accounts, checks will be payable to all members, and will be mailed to the first member listed on the account. The Settlement Administrator will make reasonable efforts to locate the proper address for any check returned by the Postal Service as undeliverable and will re-mail it once to the updated address or, in the case of a jointly held account, and in the Settlement Administrator's discretion, to an accountholder other than the one listed first. The Settlement Class Member shall have 180 days to negotiate the check. Any checks uncashed after 180 days

shall be distributed pursuant to Section XI.

iv.  In no event shall any portion of the Settlement Fund revert to Defendant.

## X.    Forgiveness of Uncollected Retry NSF Fees

84.    The Settlement Administrator, supervised by the Parties,  shall calculate the forgiveness of the NSF Forgiveness Amount of $20,750,000 in Uncollected Retry NSF Fees among Class Members whose Accounts are closed and who have amounts that remain due and owing to Defendant as of the Effective Date, using the following formula:  (NSF Forgiveness Amount/Total Uncollected Retry NSF Fees) x (the dollar amount of the Settlement Class Members' Uncollected Retry NSF Fees, less any Retry NSF Fee Refunds).

85.    The methodology provided for above will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations.  The Parties agree the allocation formula below is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any forgiveness that each Settlement Class Member should receive from the NSF Forgiveness Amount.  The fact that this allocation formula will be used is not intended (and shall not be used) for any other purpose or objective whatsoever.

86.    If any Settlement Class Member's outstanding balance on his or her Account is less than the amount of the pro rata forgiveness of Uncollected Retry NSF Fees to which he or she is entitled under the Settlement, the account balance will be adjusted to zero dollars.  Under no circumstances will Defendant be required to make any cash payments as a result of the forgiveness of Uncollected Retry NSF Fees.  Defendant is to apply the debt forgiveness described in this paragraph within 90 days after the Effective Date.  Within 90 days of the

Effective Date, Defendant shall update any negative reporting to Chexsystems or credit reporting agencies with respect to Settlement Class Members who receive forgiveness of Uncollected Retry NSF Fees.  Defendant shall notify Class Counsel once the debt forgiveness has been applied.  A Settlement Class Member whose Uncollected Retry NSF Fees are less than the total Retry NSF Fees on his or her Account may receive both Forgiveness of Uncollected NSF Fees under this section and a distribution of Settlement Class Payments under Section IX.

## XI.    **Disposition of Residual Funds**

87.    Within one year after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts resulting from uncashed checks shall either be distributed: (a) in a second round of distribution to those Settlement Class Members who are Current Accountholders or who cashed their initial settlement check, if Class Counsel determines that a second distribution is economically reasonable, given the costs of a second distribution (which must be paid out of the Settlement Fund) and the relative amount of such a second distribution; or (b) to an appropriate cy pres recipient agreed to by the Parties and approved by the Court. If a second distribution is made, any amounts remaining unclaimed six months after the second distribution shall be distributed to an appropriate cy pres recipient agreed to by the parties and approved by the Court.

## XII.    **Releases**

88.    As of the Effective Date, Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers,

resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate (directly or indirectly) to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action by Plaintiffs or Settlement Class Members relating in any way to the assessment of Retry NSF Fees ("Released Claims") without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of Defendant's practices, policies and procedures related to the authorization, processing, payment, return and/or rejection of an item or any failure to adequately or clearly disclose, in one or more contracts, agreements, disclosures, or other written materials, through oral communications, or in any other manner NSF fee practices.

89.     Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Defendant and Released Parties in any forum, action, or proceeding of any kind.

90.     With respect to the Released Claims, Plaintiffs and the Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME

OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

91.     Thus, subject to and in accordance with this Agreement, even if the Plaintiffs and/or Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order, shall have, fully, finally, and forever settled and released all of the Released Claims.  This is true whether such claims are known or unknown, suspected, or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

92.     Nothing in this Agreement shall operate or be construed to release any claims or rights that Defendant has to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts, with the exception of the forgiveness of certain Uncollected Retry NSF Fees under this Agreement. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off or recoupment that Plaintiffs or any Settlement Class Member has, other than with respect to the claims expressly released by this Agreement, in the event Defendant and/or its assigns seeks to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans, or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts.

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

## XIII.   Termination of Settlement

93.     This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.  The Court has entered the Preliminary Approval Order, as required by Section V above;

b.  The Court has entered the Final Approval Order as required by Section VIII, above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

c.  The Effective Date has occurred.

94.     If all of the conditions specified in the immediately preceding paragraph are not met, then this Agreement shall be cancelled and terminated.

95.     Defendant shall have the option to terminate this Agreement if 5% or more of the total Settlement Class members opt-out.  Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Section XIII within 10 business days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

96.     In the event this Agreement is terminated or fails to become effective, then the Parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement.  In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XIV.   Effect of a Termination

97.     In the event of a termination, (i) this Agreement shall be considered null and void;

(ii) all of Plaintiff's, Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; (iii) the Settlement Fund shall be returned to Defendant; and (iv) the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

98.     In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

### XV.   No Admission of Liability

99.     Defendant continues to dispute its liability for the claims alleged in the Action and maintains that its overdraft and overdraft-return (NSF) practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers.  Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

100.    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

fully investigated the facts and law relevant to the merits of the claims, conducted significant informal discovery, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

101.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

102.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

103.    In addition to any other defenses Class Counsel may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XIX.    **Confidentiality and Non-Disparagement**

104.    Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement.  If contacted, the Party may respond generally, either online or in person, by

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

stating that the Settlement was reached and that it was a fair and reasonable result.  The Parties agree that they shall not make any disparaging remarks, or any remarks that could reasonably be construed as disparaging, whether orally or in writing, regarding one another or their officers, directors, trustees, employees, consultants, attorneys, partners, owners, affiliates, or agents. Nothing in this paragraph is intended to prohibit the Parties from testifying or responding truthfully in response to any court order, arbitral order, subpoena or government investigation.

## XX.    **Miscellaneous Provisions**

105.    <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

106.    <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

107.    <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

108.    <u>Obligation to Meet and Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

109.    <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

110.    <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this

Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

111.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement and all disputes arising out of or relating to (directly or indirectly) the Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

112.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any wet-ink or electronic signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

113.    <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to (directly or indirectly) this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

114.    <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> COHEN & MALAD, LLP
> Lynn A. Toops, Esq.
> Vess A. Miller, Esq.
> 1 Indiana Square, Suite 1400
> Indianapolis, IN 46204
> Email: ltoops@cohenandmalad.com
>
> KALIEL PLLC
> Jeffrey Kaliel, Esq.
> Sophia Goren Gold, Esq.
> 1875 Connecticut Avenue NW, 10th Floor
> Washington, DC 20009
> Email: jkaliel@kalielpllc.com
> *Class Counsel*
>
> O'MELVENY & MYERS LLP
> Danielle Oakley, Esq.
> 610 Newport Center Drive, 17th Floor
> Newport Beach, CA 92660
> Email:  doakley@omm.com
> Daniel L. Cantor, Esq.
> 7 Times Square
> New York, NY 10036
> Email dcantor@omm.com
> *Counsel for TD Bank, N.A.*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

115.    <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Defendant and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

116.    <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent,

or contemporaneous, of this Agreement.

117.  <u>Authority</u>.  Class Counsel (for the Plaintiffs and the Settlement Class Members), and counsel for Defendant, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

118.  <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

119.  <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD985C02C562

to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

120.   <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: _5/14/2021_____

Mary Jennifer Perks
*Plaintiff*

Dated: _____

Maria Navarro-Reyes
*Plaintiff*

Dated: _May 14, 2021_____

Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: _____

Jeff Ostrow, Esq.
KOPELOWITZ OSTROW P.A.
*Class Counsel*

Dated: _May 13, 2021_____

Lynn Toops, Esq.
COHEN & MALAD
*Class Counsel*

to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

    120.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: _____

Mary Jennifer Perks
*Plaintiff*

Dated: **May 13, 2021**

Maria Reyes [May 13, 2021 17:48 EDT]

Maria Navarro-Reyes
*Plaintiff*

Dated: _____

Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: May 13, 2021

*Jeff Ostrow*

Jeff Ostrow, Esq.
KOPELOWITZ OSTROW P.A.
*Class Counsel*

Dated: _____

Lynn Toops, Esq.
COHEN & MALAD
*Class Counsel*

Dated: __May 12, 2021__

TD Bank, N.A.

By: __Alissa Van Volkom__
ITS Head of U.S. Consumer Deposits, Products and Payments

Dated: __May 13, 2021__

Danielle Oakley, Esq.
*Counsel for TD Bank*

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

# Exhibit 1 – Email and Postcard Notice
## Perks et al v. TD Bank, N.A.

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**
**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH TD BANK AND YOU WERE CHARGED CERTAIN RETRY NSF FEES BETWEEN [_____] TO [DATE OF PRELIMINARY APPROVAL], THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

Para una notificacion en Espanol, visitar www.XXXXXXXXXXXXXXXXXXX.com.

The United States District Court for the Southern District of New York has authorized this Notice; it is not a solicitation from a lawyer.

You may be a member of the Settlement Class in *Perks et al v. TD Bank, N.A.*, in which the plaintiffs allege that defendant TD Bank, N.A. ("Defendant") unlawfully assessed Retry NSF Fees between _____. If you are a member of the Settlement Class and if the Settlement is approved, you may be entitled to receive a cash payment from the $20,750,000.00 Settlement Fund and/or the forgiveness of $20,750,000 in Uncollected Retry NSF Fees.

The Court has preliminarily approved this Settlement. It will hold a Final Approval Hearing in this case on [INSERT DATE]. At that hearing, the Court will consider whether to grant Final Approval to the Settlement, and whether to approve payment from the Settlement Fund of up to $7,500.00 in service awards to each of the two class representatives, up to 25% of the Value of the Settlement as attorneys' fees, and reimbursement of costs to the attorneys and the Settlement Administrator. If the Court grants Final Approval of the Settlement and you do not request to be excluded from the Settlement, you will release your right to bring any claim covered by the Settlement. In exchange, Defendant has agreed to issue a credit to your Account, a cash payment to you if you are no longer an accountholder, and/or to forgive certain certain amounts.

**To obtain a long form class notice and other important documents please visit [INSERT WEBSITE ADDRESS].  Alternatively, you may call [INSERT PHONE #].**
*If you do not want to participate in this settlement—you do not want to receive a credit or cash payment and/or the forgiveness of certain Uncollected Retry NSF Fees and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE].  If you want to object to this settlement because you think it is not fair, adequate, or reasonable, you may object by submitting an objection postmarked no later than [PARTIES TO INSERT DATE].  You may learn more about the opt-out and objection procedures by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [Insert Phone #].*

# Exhibit 2 – Long Form Notice

## Perks et al v. TD Bank, N.A.

### NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH TD BANK ("DEFENDANT") AND YOU WERE CHARGED CERTAIN RETRY NSF FEES BETWEEN _____, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the Southern District of New York has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund and/or forgiveness of certain Uncollected Retry NSF Fees so long as you do not opt out of or exclude yourself from the settlement (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Defendant but you will not receive a payment for Retry NSF Fees and/or forgiveness of Uncollected Retry NSF Fees. If you exclude yourself from the settlement but want to recover against Defendant, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you may receive a payment and/or forgiveness of Uncollected Retry NSF Fees and you will not be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – *and the deadlines to exercise them* – along with the material terms of the settlement are explained in this Notice.

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

The lawsuit that is being settled is entitled *Perks et al v. TD Bank, N.A.* It is pending in the United States District Court for the Southern District of New York, Case No. 1:18-cv-11176-DAB. The case is a "class action." That means that the "Class Representatives," Mary Jennifer Perks and Maria Navarro-Reyes, are individuals who are acting on behalf of current and former

accountholders who were assessed certain Retry NSF Fees between ▓▓▓▓▓▓▓▓.  The Class Representatives have asserted claims for breach of the account agreement.

Defendant does not deny it charged the fees the Class Representatives are complaining about, but contends it did so properly and in accordance with the terms of its agreements. Defendant therefore denies that its practices give rise to claims for damages by the Class Representatives or any Settlement Class Members.

| **2.** | **Why did I receive this Notice of this lawsuit?** |
|---|---|

You received this Notice because Defendant's records indicate that you were charged one or more Retry NSF Fees that are the subject of this action.  The Court directed that this Notice be sent to all Settlement Class members because each such member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| **3.** | **Why did the parties settle?** |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Class Representatives and their lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Class Representatives' lawyers, known as Class Counsel, make this recommendation to the Class Representatives. The Class Representatives have the duty to act in the best interests of the class as a whole and, in this case, it is their belief, as well as Class Counsels' opinion, that this settlement is in the best interest of all Settlement Class members.

There is legal uncertainty about whether a judge or a jury will find that Defendant was contractually and otherwise legally obligated not to assess the fees at issue.  And even if it was contractually wrong to assess these fees, there is uncertainty about whether the Class Representatives' claims are subject to other defenses that might result in no or less recovery to Settlement Class members. Even if the Class Representatives were to win at trial, there is no assurance that the Settlement Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Settlement Class members will avoid these and other risks and the delays associated with continued litigation.

While Defendant disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the Settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am part of the Settlement?** |
|---|---|

If you received this notice, then Defendant's records indicate that you are a member of the Settlement Class who is entitled to receive a payment or credit to your Account and/or forgiveness of Uncollected Retry NSF Fees.

## YOUR OPTIONS

| **5.** | **What options do I have with respect to the Settlement?** |
|---|---|

You have three options: (1) do nothing and you will receive a payment or forgiveness of Uncollected Retry NSF Fees according to the terms of this Settlement; (2) exclude yourself from the Settlement ("opt out" of it); or (3) participate in the Settlement but object to it. Each of these options is described in a separate section below.

| **6.** | **What are the critical deadlines?** |
|---|---|

There is no deadline to receive a payment.  If you do nothing, then you will get a payment and/or receive forgiveness of Uncollected Retry NSF Fees.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.
The deadline to file an objection with the Court is also _____.

| **7.** | **How do I decide which option to choose?** |
|---|---|

If you do not like the Settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this Settlement, then you may want to consider opting out.

If you believe the Settlement is unreasonable, unfair, or inadequate and the Court should reject the Settlement, you can object to the Settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the Settlement may not be approved and no payments will be made to you or any other member of the Settlement Class. If your objection (and any other objection) is overruled, and the Settlement is approved, then you may still get a payment and/or forgiveness of Uncollected Retry NSF Fees, and will be bound by the Settlement.

If you want to participate in the Settlement, then you don't have to do anything; you will receive a payment and/or forgiveness of Uncollected Retry NSF Fees if the Settlement is approved by the Court.

| **8.** | **What has to happen for the Settlement to be approved?** |
|---|---|

The Court has to decide that the Settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide Preliminary Approval of the Settlement, which is why you received a Notice. The Court will make a final decision regarding the Settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| **9.** | **How much is the Settlement?** |
|---|---|

Defendant has agreed to create a Settlement Fund of $20,750,000.00.  It will also forgive Uncollected Retry NSF Fees totaling $20,750,000, as defined in the Settlement Agreement.

As discussed separately below, attorneys' fees, litigation costs, and the costs paid to a third-party Settlement Administrator to administer the Settlement (including mailing and emailing notice) will be paid out of the Settlement Fund. The Net Settlement Fund will be divided among all Settlement Class Members entitled to Settlement Class Member Payments based on a formula described in the Settlement Agreement.

| **10.** | **How much of the Settlement Fund will be used to pay for attorney fees and costs?** |
|---|---|

Class Counsel will request the Court to approve attorneys' fees of not more than 25% of the Value of the Settlement, and will request that it be reimbursed for litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees and costs based on a number of factors.

| **11.** | **How much of the Settlement Fund will be used to pay the Class Representatives a Service Award?** |
|---|---|

Class Counsel will request that the Class Representatives each be paid a service award in the amount of $7,500.00 for their work in connection with this case.  The Service Award must be approved by the Court.

| **12.** | **How much will my payment be?** |
|---|---|

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385602C562

The balance of the Settlement Fund after attorneys' fees and costs, the service award and the Settlement Administrator's fees, also known as the Net Settlement Fund, will be divided among all Settlement Class Members entitled to Settlement Class Member Payments in accordance with the formula outlined in the Settlement Agreement.  Current accountholders of Defendant will receive a credit to their Accounts for the amount they are entitled to receive.  Former acocuntholders of Defendant shall receive a check from the Settlement Administrator. Settlement Class Members entitled to forgiveness of Uncollected Retry NSF Fees shall receive this benefit automatically.

| **13.** | **Do I have to do anything if I want to participate in the Settlement?** |
|---|---|

No. If you received this Notice, then you may be entitled to receive a payment for a Retry NSF Fee and/or forgiveness of Uncollected Retry NSF Fees without having to make a claim, unless you choose to exclude yourself from the settlement, or "opt out."

| **14.** | **When will I receive my payment?** |
|---|---|

The Court will hold a Final Approval Hearing on _____, at _____ to consider whether the Settlement should be approved. If the Court approves the Settlement, then payments should be made or credits should be issued within 90 days of the Effective Date. However, if someone objects to the Settlement, and the objection is sustained, then there is no Settlement.  Even if all objections are overruled and the Court approves the Settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **15.** | **How do I exclude myself from the Settlement?** |
|---|---|

If you do not want to receive a payment or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Perks et al v. TD Bank, N.A.* class action." Be sure to include your name, the last four digits of your account number(s) or former account number(s), address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

Perks et al v. TD Bank, N.A.

Attn:

ADDRESS OF THE SETTLEMENT ADMINISTRATOR

| **16.** | **What happens if I opt out of the Settlement?** |
|---|---|

If you opt out of the Settlement, you will preserve and not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from the settlement and you will not receive forgiveness of any Uncollected Retry NSF Fees.

## OBJECTING TO THE SETTLEMENT

| **17.** | **How do I notify the Court that I do not like the Settlement?** |
|---|---|

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt-out, from the Settlement. (Settlement Class members who exclude themselves from the Settlement have no right to object to how other Settlement Class members are treated.) To object, you **must** send a written document by mail or private courier (e.g., Federal Express) to

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD985C02C562

the Clerk of Court, Settlement Administrator, Class Counsel, and Defendant's Counsel at the addresses below. Your objection must include the following information:

a.      the name of the Action;

b.      the objector's full name, address and telephone number;

c.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

f.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

All objections must be post-marked no later than _____, and must be mailed to the Settlement Administrator as follows:

| **CLERK OF COURT** | **SETTLEMENT ADMINISTRATOR** | **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|---|

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD385C02C562

| Clerk of the United States District Court for the Southern District of New York, which is located at 100 State Street, Rochester, NY 14614 | Perks et al v. TD Bank, N.A. Settlement Administrator Attn: ADDRESS OF THE SETTLEMENT ADMINISTRATOR | Lynn A. Toops Vess A. Miller Cohen & Malad, LLP 1 Indiana Square Suite 1400 Indianapolis, IN 46204 *and* Jeffrey D. Kaliel Sophia Goren Gold Kaliel PLLC 1875 Connecticut Ave NW 10th Floor Washington, DC 20009 | Danielle N. Oakley O'Melveny & Myers LLP 610 Newport Center Drive Ste 1700 Newport Beach, CA 92660 *and* Daniel L. Cantor O'Melveny & Myers LLP Times Square Tower 7 Times Square New York, NY 10036 |

### 18. What is the difference between objecting and requesting exclusion from the settlement?

Objecting is telling the Court that you do not believe the Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it. You can object only if you do not opt out of the Settlement. If you object to the Settlement and do not opt out, then you are entitled to a payment for a Retry NSF Fee and/or forgiveness of Uncollected Retry NSF Fees if the Settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting-out is telling the Court that you do not want to be part of the Settlement, and do not want to receive a payment for a Retry NSF Fee or forgiveness of Uncollected Retry NSF Fees, or release claims you might have against Defendant for the claims alleged in this lawsuit.

### 19. What happens if I object to the Settlement?

If the Court sustains your objection, or the objection of any other member of the Settlement Class, then there is no Settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the Settlement.

### THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval or Fairness Hearing at ___ on _____, 2021 at the United States District Court for the Southern District of New York, which is located at _____. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the Service Award to the Class Representatives. The hearing may be virtual, in which case the instructions to participate shall be posted on the website at www._____.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted a timely and valid objection, the Court will consider it whether or not you attend.

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

| 22. | May I speak at the hearing? |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 17, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## THE LAWYERS REPRESENTING YOU

| 23. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Settlement Class members.

| 24. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 25. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for attorneys' fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator, or by requesting the court record online from the United States District Court for the Southern District of New York at https://www.nysd.uscourts.gov/document-requests.

## GETTING MORE INFORMATION

This Notice only summarizes the proposed Settlement. More details are contained in the Settlement Agreement, which can be viewed/obtained online at [WEBSITE] or at the Office of the Clerk of the United States District Court for the Southern District of New York, which is located at _____, by asking for the Court file containing the Motion For Preliminary Approval of Class Settlement (the settlement agreement is attached to the motion) or obtaining a copy online at https://www.nysd.uscourts.gov/document-requests.

For additional information about the settlement and/or to obtain copies of the Settlement Agreement, or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Perks et al v. TD Bank, N.A.
Settlement Administrator
Attn:


For more information, you also can contact the Class Counsel as follows:

COHEN & MALAD, LLP
Lynn A. Toops, Esq.
Vess A. Miller, Esq.
Richard E. Shevitz, Esq.
1 Indiana Square
Suite 1400
Indianapolis, IN 46204
317-636-6481

Jeffrey D. Kaliel
Sophia Goren Gold
KALIEL PLLC

DocuSign Envelope ID: CF089A5E-AAE8-499C-B5E9-DD885C02C562

1875 Connecticut Ave NW
10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Jeffrey Ostrow
Jonathan M. Streisfeld
KOPELOWITZ OSTROW P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, Florida 33301
954-525-4100
954-525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com


***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.***

# Exhibit 3 – Preliminary Approval Order
## Perks et al v. TD Bank, N.A.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TD BANK, N.A., <br><br> Defendant. | CASE NO. 1:18-CV-11176-DAB |

### PRELIMINARY APPROVAL ORDER

Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes and Defendant TD Bank, N.A., by their respective counsel, have submitted a Settlement Agreement and Releases (the "Settlement") to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiffs as the Class Representatives and their counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Plan; (4) appointing RG/2 Claims Administration LLC as Settlement Administrator and directing it to commence the Notice Plan; and (5) scheduling a final approval hearing to consider final approval of the settlement and any application for attorneys' fees, expenses, and Class Representative service awards. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

### ACCORDINGLY, THE COURT FINDS AND ORDERS:

1.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2.      Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3.      On February 19, 2019, Plaintiffs filed their Amended Class Action Complaint alleging claims relating to Defendant's practice of charging non-sufficient funds fees on checks and Automated Clearing House ("ACH") transactions that were returned unpaid after having been re-submitted by a merchant after having been previously returned unpaid by Defendant for insufficient funds. Plaintiffs claimed this practice breached their contract with Defendant and violated various other laws.

4.      On March 22, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Parties fully briefed. On March 17, 2020, the Court entered a Memorandum Opinion and Order in which the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court denied the Motion to Dismiss Plaintiffs' breach of contract claim and granted the Motion to Dismiss Plaintiffs' breach of implied covenant of good faith, New York General Business Law § 349, and unjust enrichment claims. On April 14, 2020, Defendant filed its Answer and Defenses to the Amended Class Action Complaint.

5.      Following the Court's Memorandum and Order on the Motion to Dismiss, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, multiple rounds of data and document production, numerous conferences of counsel to resolve potential discovery disputes, various reports to the Court regarding the status of discovery, and multiple depositions. On October 2, 2020, the Parties

requested that the Court stay the litigation pending a November 20, 2020, mediation before

Professor Eric Green of Resolutions, LLC. The Court vacated the remaining discovery deadlines

that same day.

6.     The Parties participated in a full-day mediation session on November 20, 2020

with Professor Green. The Parties did not settle at the mediation, but they agreed to reconvene

the mediation after additional analysis of transactional data.

7.     The Parties participated in a second mediation session on January 26, 2021. The

Parties did not reach agreement that day, but shortly thereafter reached an agreement in principle.

They then negotiated the detailed Settlement and exhibits that are now before the Court.

8.     The Settlement provides, among other things, that as consideration for the release

from Settlement Class Members, Defendant will pay $20,750,000 in cash into a Settlement Fund,

pay Settlement Administrative Costs up to $500,000, and forgive $20,750,000 in amounts owed

by the Settlement Class Members to the Defendant for accounts that were closed with a negative

balance ("Forgiveness"). The Settlement Fund (after deducting Court-approved costs) will be

distributed pro rata to Settlement Class Members in accordance with the procedures in the

Settlement. Settlement Class Members who have a current account with Defendant will receive

their payment by a credit to their account, while Settlement Class Members whose account is

closed will be mailed a check. Forgiveness will be applied to accounts by Defendant. Settlement

Class Members are not required to submit a claim in order to receive any of this relief.

9.     The Settlement also provides for emailed and mailed Notice to the Settlement

Class and the proposed Notices are included as exhibits to the Settlement.

## PRELIMINARY APPROVAL

10.     Federal Rule of Civil Procedure 23(e) requires court approval of class action

settlements. In general, the approval process involves three stages: (1) notice of the settlement to

3

the class after "preliminary approval" by the Court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant obtains a release from liability. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

11.     In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

## I.     The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."

12.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, No. 15 CIV. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

13.     Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14.     Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement warrants preliminary approval and dissemination of notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt-out of the Settlement or participate in it. The Settlement appears at this preliminary approval stage to be procedurally fair, reasonable, and adequate in that the Class Representatives and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B).

Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). The proposed method of distributing relief to the Settlement Class Members is through direct deposits or direct mailed check and/or forgiveness of amounts owed to Defendant, meaning Settlement Class Members do not need to make a claim and will receive payments and/or Forgiveness. *Id.* Attorneys' fees will be paid only after final approval and only by approval of the Court, which will consider any request for fees in conjunction with final approval. *Id.* The Parties have represented that there are no agreements to be identified under Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one another because the amount of recovery is based on the amount of alleged NSF Retry Fees, and cash payment and Forgiveness will be distributed pro rata based on the number of NSF Retry Fees charged to a Settlement Class Member, meaning Settlement Class Members who allegedly incurred more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D).

## II.   The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

15.     In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection 23(b)(3) (predominance and superiority).

16.     The Court finds, for settlement purposes only, that it will likely be able to certify the proposed Settlement Class, defined as:

6

All current and former holders of TD Bank, N.A. consumer checking Accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

17.     Specifically, the Court finds for settlement purposes that the Settlement Class likely satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1)   Numerosity:    There are tens of thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2)   Commonality: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's uniform practice of processing NSF fees violated its standard form contract. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

(a)(3) Typicality:        The Class Representatives' claims are typical of the claims of the Settlement Class. The Class Representatives' claim is that they were allegedly charged multiple NSF fees on a single item, which they allege violated Defendant's standard form contract. These are the same claims as the claims of the Settlement Class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

7

(a)(4)   <u>Adequacy</u>:      The Class Representatives will fairly and adequately protect the interests of the Settlement Class because they share the same claims as the Settlement Class, have no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and "class counsel is qualified, experienced, and generally able to conduct the litigation").

(b)(3)   <u>Predominance</u>: Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, specifically the predominate question of whether Defendant's uniform practice of processing NSF fees violated its standard form contract is common to all members of the Settlement Class and overwhelms any potentially individual issues that may arise. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is satisfied where "issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof").

(b)(3)   <u>Superiority</u>:      A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly because the individual claims are numerous and small-value and therefore the class action device provides a superior method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions").

18.     Additionally, the Court finds that the Settlement Class is ascertainable because it is defined by reference to objective criteria, *In re Petrobras Securities Litigation*, 862 F.3d 250, 257 (2d Cir. 2017), and the Court finds that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

19.     Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. The Court hereby **GRANTS** preliminary approval to the Settlement.

### NOTICE TO THE SETTLEMENT CLASS

20.     Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

21.     The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

22.     "There are no rigid rules to determine whether a settlement notice to the class

satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the

prospective members of the class of the terms of the proposed settlement and of the options that

are open to them in connection with the proceedings." *Visa*, 396 F.3d at 114 (quotation omitted).

23.     The Court finds that the Notice Plan, including the forms of Notice attached to the

Settlement and the plan for distribution of the Notice by email and mail, satisfy these

requirements and Due Process and constitute "the best notice that is practicable under the

circumstances." The Court appoints RG/2 Claims Administration LLC as Settlement

Administrator and directs that the Notice Plan be implemented as set forth in the Settlement.

24.     Within thirty (30) calendar days of Preliminary Approval, Defendant will provide

the Settlement Administrator with the following information, which will be kept strictly

confidential between the Administrator and Defendant, for each Class Member: (i) name; (ii)

number of Retry NSF Fees per account; (iii) relevant refund and charge-off information; (iv) last

known e-mail address; (v) last known mailing address; (vi) whether the Account remains open;

and (vii) if the Account no longer remains open, the balance remaining due and owing. The

Settlement Administrator shall use this information solely for the purpose of administering the

Settlement and shall keep the information strictly confidential.

25.     Within sixty (60) calendar days of Preliminary Approval, the Settlement

Administrator shall send the Class Notices in the forms attached to the Settlement to the Class

Members. The Settlement Administrator shall send the Email Notice to all Class Members for

whom Defendant has provided the Settlement Administrator with an e-mail address. The

Settlement Administrator shall send the Postcard Notice to all Class Members for whom

Defendant does not provided an email address to the Settlement Administrator and to all Class Members to whom the Settlement Administrator sent Email Notice but for whom the Settlement Administrator receives notice of an undeliverable email. The Postcard Notice shall be mailed after the Settlement Administrator updates mailing addresses provided by Defendant with the National Change of Address database and other commercially feasible means. The Settlement Administrator shall also maintain a website containing the Complaint, the "long-form notice" attached to the Settlement, Plaintiffs' motion seeking Preliminary Approval, this Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, and the Final Approval Order until at least ninety (90) calendar days after Final Approval. The Settlement Administrator shall send the "long-form notice" by mail to any Class Member who requests a copy.

## PROCEDURES FOR OPTING OUT OF OR OBJECTING TO THE SETTLEMENT

26.     A member of the Settlement Class may opt-out of the Settlement Class at any time prior to the Opt-Out Deadline, provided the opt-out notice that must be sent to the Settlement Administrator is postmarked no later than the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Settlement Class, then all Account Holders on that Account shall be deemed to have opted out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

27.     Except for Class Members who opt out of the Settlement Class in compliance with the foregoing, all Class Members will be deemed to be Settlement Class Members for all purposes, the Final Approval Order, and the releases set forth in the Settlement.

28.     Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel,

Defendant's counsel, and the Settlement Administrator. For an objection to be considered by the

Court, the objection must be submitted no later than the Objection Deadline, as specified in the

Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted

if received with a postmark date indicated on the envelope if mailed first-class postage prepaid

and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal

Express), an objection shall be deemed to have been submitted on the shipping date reflected on

the shipping label. For an objection to be considered by the Court, the objection must also set

forth: the name of the Action; the objector's full name, address and telephone number; all

grounds for the objection, accompanied by any legal support for the objection known to the

objector or objector's counsel; the number of times the objector has objected to a class action

settlement within the five years preceding the date that the objector files the objection, the

caption of each case in which the objector has made such objection, and a copy of any orders

related to or ruling upon the objector's prior objections that were issued by the trial and appellate

courts in each listed case; the identity of all counsel who represent the objector, including any

former or current counsel who may be entitled to compensation for any reason related to the

objection to the Settlement or fee application; the number of times in which the objector's

counsel and/or counsel's law firm have objected to a class action settlement within the five years

preceding the date that of the filed objection, the caption of each case in which counsel or the

firm has made such objection and a copy of any orders related to or ruling upon counsel's or the

counsel's law firm's prior objections that were issued by the trial and appellate courts in each

listed case in which the objector's counsel and/or counsel's law firm have objected to a class

action settlement within the preceding five years; any and all agreements that relate to the

objection or the process of objecting—whether written or oral—between objector or objector's

counsel and any other person or entity; the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and the objector's signature (an attorney's signature is not sufficient). Class Counsel and/or Defendant may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

29.     Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

## MOTIONS FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD

30.     Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of Class Counsel's application for attorneys' fees and costs, for a Service Award for the Class Representatives, and for all Settlement Administration Costs, no later than 60 days after this Order is entered. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees and expenses, for the Service Award for the Class Representatives, and for all Settlement Administration Costs.

## FINAL APPROVAL HEARING

31.     The Court will hold a Final Approval Hearing on _____, 2021, at __ a.m./p.m., in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by videoconference or teleconference if determined by separate order, to assist the Court in determining whether to grant Final Approval to the

13

Settlement, enter the Final Approval Order and Judgment, and grant any motions for fees,

expenses, and service awards.

## SCHEDULE OF DEADLINES

32.     The Court sets the following deadlines:

| Event | Date |
|---|---|
| Deadline for the Settlement Administrator to serve on the appropriate government officials the notice required by 28 U.S.C.§ 1715 | May 27, 2021 |
| Deadline for Defendant to pay $20,750,000 in cash into the Escrow Account | No later than 14 days from the date of this Order |
| Deadline for Defendant to provide the Settlement Administrator with the information required by paragraph 75 of the Settlement Agreement | No later than 30 days from the date of this Order |
| Deadline for Settlement Administrator to Mail and E-mail Notice to Class Members | No later than 60 days from the date of this Order |
| Deadline for any petition for an award of attorneys' fees, costs, and service awards | No later than 60 days from the date of this Order |
| Opt-Out Deadline | 120 days from the date of this Order |
| Objection Deadline | 120 days from the date of this Order |
| Deadline for Motion for Final Approval | 130 days from the date of this Order |
| Final Approval Hearing | _____ (approximately 180 days from the date of this Order) |

**SO ORDERED.**

Date:                      _____
                                 HON. VALERIE CAPRONI
                                 United States District Judge

# Exhibit 4 – Final Approval Order
## Perks et al v. TD Bank, N.A.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated, | CASE NO. 1:18-CV-11176-DAB |
| Plaintiffs, | |
| v. | |
| TD BANK, N.A., | |
| Defendant. | |

### <u>FINAL APPROVAL ORDER</u>

Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes and Defendant TD Bank, N.A., by their respective counsel, have submitted a Settlement Agreement and Releases (the "Settlement") to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiffs as the Class Representatives and their counsel as Class Counsel; and (2) granting final approval to the Settlement. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and any objections, and now finds that the motion should be, and hereby is, **GRANTED**.

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2.      Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3.      On February 19, 2019, Plaintiffs filed their Amended Class Action Complaint alleging claims relating to Defendant's practice of charging multiple non-sufficient funds fees on checks and Automated Clearing House ("ACH") transactions that were returned unpaid after having been re-submitted by a merchant after having been previously returned unpaid by Defendant for insufficient funds.  Plaintiffs claimed this practice breached their contract with Defendant and violated various other laws.

4.      On March 22, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Parties fully briefed. On March 17, 2020, the Court entered a Memorandum Opinion and Order in which the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court denied the Motion to Dismiss Plaintiffs' breach of contract claim and granted the Motion to Dismiss Plaintiffs' breach of implied covenant of good faith, New York General Business Law § 349, and unjust enrichment claims. On April 14, 2020, Defendant filed its Answer and Defenses to the Amended Class Action Complaint.

5.      Following the Court's Memorandum and Order on the Motion to Dismiss, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, multiple rounds of data and document production, numerous conferences of counsel to resolve potential discovery disputes, various reports to the Court regarding the status of discovery, and multiple depositions.

6.      On October 2, 2020, the Parties requested that the Court stay the litigation pending a November 20, 2020 mediation before Professor Eric Green of Resolutions, LLC. The Court vacated the remaining discovery deadlines the same day.

7.      The Parties participated in a full-day mediation session on November 20, 2020, with Professor Green. The Parties did not settle at the mediation, but they agreed to reconvene the mediation after additional analysis of transactional data.

8.      The Parties participated in a second mediation session on January 26, 2021. The Parties did not reach agreement that day, but shortly thereafter reached an agreement in principle. They then negotiated the detailed Settlement and exhibits that are now before the Court.

9.      The Settlement provides, among other things, that as consideration for the release from Settlement Class Members, Defendant will pay $20,750,000 in cash into a Settlement Fund; pay Settlement Administrative Costs up to $500,000; and forgive $20,750,000 in amounts owed by the Settlement Class Members to the Defendant for accounts that were closed with a negative balance ("Forgiveness"). The Settlement Fund (after deducting the Court-approved costs) will be distributed pro rata to Settlement Class Members in accordance with the procedures in the Settlement. Settlement Class Members who have a current account with Defendant will receive their payment by a credit to their account, while Settlement Class Members whose Account with Defendant is closed will be mailed a check. Forgiveness will be applied to accounts by Defendant. Settlement Class Members are not required to submit a claim in order to receive any of this relief.

## NOTICE OF THE SETTLEMENT

10.     The Settlement Administrator has provided a declaration showing that the Notice Plan was administered in accordance with the Settlement and the Preliminary Approval Order. The Court therefore finds that the Notice Plan constituted the best notice practicable under the circumstances and fulfills the requirements of Federal Rule of Civil Procedure 23 and Due Process.

# FINAL APPROVAL

11.     Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The final stage in the process requires the Court to find that the settlement is "fair, reasonable, and adequate" and that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and one subsection of 23(b), here subsection 23(b)(3). Fed. R. Civ. P. 23(e). The Court finds that each of these requirements is met.

## I.     The Settlement is "fair, reasonable, and adequate."

12.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, No. 15 CIV. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

13.     Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

4

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

> (i) the costs, risks, and delay of trial and appeal;

> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14.     Under this standard, the Court finds that the Settlement is "fair, reasonable, and adequate." The Settlement is procedurally fair, reasonable, and adequate in that the Class Representatives and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement is substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). The proposed method of distributing relief to the Settlement Class Members is through direct deposits or direct mailed check and/or Forgiveness, meaning Settlement Class Members do not need to make a claim and will receive payments and/or Forgiveness. *Id.* Attorneys' fees will be separately determined by the Court. *Id.* The Parties have represented that there are no agreements to be identified under Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one

another because the amount of recovery is based on the amount of alleged NSF Retry Fees, and cash payment and Forgiveness will be pro rata based on the number of NSF Retry Fees charged to a Settlement Class Member, meaning Settlement Class Members who allegedly incurred more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D).

## II.    The Settlement Class meets the requirements for class certification for purposes of entering judgment on the Settlement.

15.    The Court further finds that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and Federal Rule of Civil Procedure 23(b)(3) (predominance and superiority).

16.    The Court therefore certifies, for settlement purposes only, the Settlement Class, defined as:

> All current and former holders of TD Bank, N.A. consumer checking Accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

17.    All members of the Settlement Class who validly excluded themselves pursuant to the Preliminary Approval Order are excluded from the Settlement Class and are not bound by this Final Approval Order, the Settlement, or the releases in the Settlement.

18.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the law firms of Cohen & Malad, LLP, Kaliel, PLLC, and Kopelowitz Ostrow, P.A., as Class Counsel and appoints Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes as the Class Representatives.

19.    Specifically, the Court finds for settlement purposes that the Settlement Class satisfies the following requirements of Federal Rule of Civil Procedure 23:

6

(a)(1)   <u>Numerosity</u>:   There are tens of thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2)   <u>Commonality</u>: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's uniform NSF fee practices violated its standard form contract. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

(a)(3)   <u>Typicality</u>:   The Class Representatives' claims are typical of the claims of the Settlement Class. The Class Representatives' claim is that they were allegedly charged multiple NSF fees on a single item, which they allege violated Defendant's standard form contract. These are the same claims as the claims of the Settlement Class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

(a)(4)   <u>Adequacy</u>:   The Class Representatives will fairly and adequately protect the interests of the Settlement Class because they share the same claims as the Settlement Class, have no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between

the named plaintiffs and other members of the plaintiff class" and "class counsel is

qualified, experienced, and generally able to conduct the litigation").

(b)(3)   <u>Predominance</u>: Questions of law and fact common to the Settlement Class

predominate over any questions affecting only individual members, specifically the

predominate question of whether Defendant's uniform practice of processing NSF fees

violated its standard form contract is common to all members of the Settlement Class and

overwhelms any potentially individual issues that may arise. *See In re Nassau County*

*Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is

satisfied where "issues in the class action that are subject to generalized proof, and thus

applicable to the class as a whole, predominate over those issues that are subject only to

individualized proof").

(b)(3)   <u>Superiority</u>:    A class action is superior to other available methods for fairly and

efficiently adjudicating the controversy, particularly because the individual claims are

numerous and small-value and therefore the class action device provides a superior

method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs.*

*LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in

litigating separate actions is likely minimal given their potentially limited means with

which to do so and the prospect of relatively small recovery in individual actions").

20.     Additionally, the Court finds that the Settlement Class is ascertainable because it

is defined by reference to objective criteria. *In re Petrobras Securities Litigation*, 862 F.3d 250,

257 (2d Cir. 2017).

21.     The Court therefore grants final approval and directs the parties to implement all

aspects of the Settlement triggered by such final approval.

**DISTRIBUTION OF NET SETTLEMENT FUND AND FORGIVENESS**

22.     The Court hereby approves the distribution of the Net Settlement Fund and the plan for implementing Forgiveness as set forth in the Settlement. The Court orders the Parties and the Settlement Administrator to implement all payments and Forgiveness as set forth in the Settlement.

**RELEASE**

23.     The Releasing Parties have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate (directly or indirectly) to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action by Plaintiffs or Settlement Class Members relating in any way to the assessment of Retry NSF Fees ("Released Claims") without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of Defendant's practices, policies and procedures related to the authorization, processing, payment, return and/or rejection of an item or any failure to adequately or clearly disclose, in one or more contracts, agreements, disclosures, or other written materials, through oral communications, or in any other manner NSF fee practices.

9

**JUDGMENT**

24.     This Order resolves all issues in this lawsuit as between all parties and therefore constitutes a final judgment. The Clerk shall enter the judgment separately as provided by Federal Rule of Civil Procedure 58. The Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and to supervise and adjudicate any disputes arising from the Settlement.

**SO ORDERED.**

Date:

_____
HON. VALERIE CAPRONI
United States District Judge