**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TD BANK, N.A.,<br><br>　　　　　Defendant. | CASE NO. 1:18-CV-11176-VEC |

## FINAL APPROVAL ORDER

Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes and Defendant TD Bank, N.A., by their respective counsel, have submitted a Settlement Agreement and Releases (the "Settlement") to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiffs as the Class Representatives and their counsel as Class Counsel; and (2) granting final approval to the Settlement. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1.　　This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2.　　Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

1

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3. On February 19, 2019, Plaintiffs filed their Amended Class Action Complaint alleging claims relating to Defendant's practice of charging multiple non-sufficient funds fees on checks and Automated Clearing House ("ACH") transactions that were returned unpaid after having been re-submitted by a merchant after having been previously returned unpaid by Defendant for insufficient funds. Plaintiffs claimed this practice breached their contract with Defendant and violated various other laws.

4. On March 22, 2019, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Parties fully briefed. On March 17, 2020, the Court entered a Memorandum Opinion and Order in which the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court denied the Motion to Dismiss Plaintiffs' breach of contract claim and granted the Motion to Dismiss Plaintiffs' breach of implied covenant of good faith, New York General Business Law § 349, and unjust enrichment claims. On April 14, 2020, Defendant filed its Answer and Defenses to the Amended Class Action Complaint.

5. Following the Court's Memorandum and Order on the Motion to Dismiss, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, multiple rounds of data and document production, numerous conferences of counsel to resolve potential discovery disputes, various reports to the Court regarding the status of discovery, and multiple depositions.

6. On October 2, 2020, the Parties requested that the Court stay the litigation pending a November 20, 2020 mediation before Professor Eric Green of Resolutions, LLC. The Court vacated the remaining discovery deadlines the same day.

7.      The Parties participated in a full-day mediation session on November 20, 2020, with Professor Green. The Parties did not settle at the mediation, but they agreed to reconvene the mediation after additional analysis of transactional data.

8.      The Parties participated in a second mediation session on January 26, 2021. The Parties did not reach agreement that day, but shortly thereafter reached an agreement in principle. They then negotiated the detailed Settlement and exhibits that are now before the Court.

9.      The Settlement provides, among other things, that as consideration for the release from Settlement Class Members, Defendant will pay $20,750,000 in cash into a Settlement Fund; pay Settlement Administrative Costs up to $500,000; and forgive $20,750,000 in amounts owed by the Settlement Class Members to the Defendant for accounts that were closed with a negative balance ("Forgiveness"). The Settlement Fund (after deducting the Court-approved costs) will be distributed pro rata to Settlement Class Members in accordance with the procedures in the Settlement. Settlement Class Members who have a current account with Defendant will receive their payment by a credit to their account, while Settlement Class Members whose Account with Defendant is closed will be mailed a check. Forgiveness will be applied to accounts by Defendant. Settlement Class Members are not required to submit a claim in order to receive any of this relief.

## NOTICE OF THE SETTLEMENT

10.     The Settlement Administrator has provided a declaration showing that the Notice Plan was administered in accordance with the Settlement and the Preliminary Approval Order. The Court therefore finds that the Notice Plan constituted the best notice practicable under the circumstances and fulfills the requirements of Federal Rule of Civil Procedure 23 and Due Process.

**NO OBJECTIONS**

11. The deadline to file any objections to the Settlement has passed, and no Class Member, nor any Attorney General, has filed any object to the Settlement or any part of it.

**FINAL APPROVAL**

12. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The final stage in the process requires the Court to find that the settlement is "fair, reasonable, and adequate" and that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and one subsection of 23(b), here subsection 23(b)(3). Fed. R. Civ. P. 23(e). The Court finds that each of these requirements is met.

**I.     The Settlement is "fair, reasonable, and adequate."**

13. This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, No. 15 CIV. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

14. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

15. Under this standard, the Court finds that the Settlement is "fair, reasonable, and adequate." The Settlement is procedurally fair, reasonable, and adequate in that the Class Representatives and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement is substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). The proposed method of distributing relief to the Settlement Class Members is through direct deposits or direct mailed check and/or Forgiveness,

meaning Settlement Class Members do not need to make a claim and will receive payments and/or Forgiveness. *Id.* Attorneys' fees will be separately determined by the Court. *Id.* The Parties have represented that there are no agreements to be identified under Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one another because the amount of recovery is based on the amount of alleged NSF Retry Fees, and cash payment and Forgiveness will be pro rata based on the number of NSF Retry Fees charged to a Settlement Class Member, meaning Settlement Class Members who allegedly incurred more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D). Additionally, the fact that, out of over 1 million Class Members, no Class Member has filed any objection strongly favors final approval.

## II.     The Settlement Class meets the requirements for class certification for purposes of entering judgment on the Settlement.

16.     The Court further finds that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and Federal Rule of Civil Procedure 23(b)(3) (predominance and superiority).

17.     The Court therefore certifies, for settlement purposes only, the Settlement Class, defined as:

18.     All current and former holders of TD Bank, N.A. consumer checking Accounts who, during the Class Period, were assessed at least one Retry NSF Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.[1] All members of the Settlement Class who

---

[1] The terms "Account," "Class Period," and "Retry NSF Fee" have the meanings defined in Section II, Paragraphs 19, 24, and 50 of the Settlement Agreement, filed at ECF No. 95-1.

validly excluded themselves pursuant to the Preliminary Approval Order are excluded from the Settlement Class and are not bound by this Final Approval Order, the Settlement, or the releases in the Settlement.

19. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the law firms of Cohen & Malad, LLP, Kaliel, PLLC, and Kopelowitz Ostrow, P.A., as Class Counsel and appoints Plaintiffs Mary Jennifer Perks and Maria Navarro-Reyes as the Class Representatives.

20. Specifically, the Court finds for settlement purposes that the Settlement Class satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1) Numerosity: There are tens of thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2) Commonality: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's uniform NSF fee practices violated its standard form contract. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

(a)(3) Typicality: The Class Representatives' claims are typical of the claims of the Settlement Class. The Class Representatives' claim is that they were allegedly charged multiple NSF fees on a single item, which they allege violated Defendant's standard form contract. These are the same claims as the claims of the Settlement Class. *Robidoux v.*

*Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

(a)(4) <u>Adequacy</u>:   The Class Representatives will fairly and adequately protect the interests of the Settlement Class because they share the same claims as the Settlement Class, have no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and "class counsel is qualified, experienced, and generally able to conduct the litigation").

(b)(3) <u>Predominance</u>: Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, specifically the predominate question of whether Defendant's uniform practice of processing NSF fees violated its standard form contract is common to all members of the Settlement Class and overwhelms any potentially individual issues that may arise. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is satisfied where "issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof").

(b)(3) <u>Superiority</u>:   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly because the individual claims are numerous and small-value and therefore the class action device provides a superior method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs.*

*LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions").

21. Additionally, the Court finds that the Settlement Class is ascertainable because it is defined by reference to objective criteria. *In re Petrobras Securities Litigation*, 862 F.3d 250, 257 (2d Cir. 2017).

22. The Court therefore grants final approval and directs the parties to implement all aspects of the Settlement triggered by such final approval.

## DISTRIBUTION OF NET SETTLEMENT FUND AND FORGIVENESS

23. The Court hereby approves the distribution of the Net Settlement Fund and the plan for implementing Forgiveness as set forth in the Settlement. The Court orders the Parties and the Settlement Administrator to implement all payments and Forgiveness as set forth in the Settlement. The Court approves the *cy pres* recipient selected by the Parties and directs any uncollected residual funds from the Net Settlement Fund to be distributed as provided in the Settlement.

## RELEASE

24. The Releasing Parties have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and

9

remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate (directly or indirectly) to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action by Plaintiffs or Settlement Class Members relating in any way to the assessment of Retry NSF Fees ("Released Claims") without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of Defendant's practices, policies and procedures related to the authorization, processing, payment, return and/or rejection of an item or any failure to adequately or clearly disclose, in one or more contracts, agreements, disclosures, or other written materials, through oral communications, or in any other manner NSF fee practices.

## JUDGMENT

25.   This Order resolves all issues in this lawsuit as between all parties and therefore constitutes a final judgment. The Clerk shall enter the judgment separately as provided by Federal Rule of Civil Procedure 58. The Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and to supervise and adjudicate any disputes arising from the Settlement.

**SO ORDERED.**

Date:                                                                 HON. VALERIE E. CAPRONI
                                                                      United States District Judge